## LEANDER DAVIS v. PATRICK HARRINGTON.

1. TAX DEED, *Sufficient.* Where a tax deed follows the statutory form, and states that the land was sold by the county treasurer at a sale begun and publicly held "at the county seat of said county," and does not state that the land was sold "at public auction at his office," but the sale was in fact at public auction at the treasurer's office, *held,* that the tax deed, unless void for some other reason, is sufficient.

2. TAX SALE, *Not Void.* Where the bidders at a tax sale do not bid against each other, but still there was no agreement or understanding between them that would prevent competition or bidding by any person who desired to bid, *held,* that the sale is not void because of any unlawful combination among the bidders.

3. —————— *Loss of Notice and Proof.* Where notice of the sale was properly given and proper proof thereof made, and the notice and proof were properly filed as required by law, but such notice and proof were afterward lost or destroyed and were not on file in the proper office, *held,* that such loss or destruction does not render the tax sale void.

4. TAX DEED; *Error as to Amount of Consideration.* Where the county clerk, in executing a tax deed, inserts as the consideration for the deed the amount of the taxes paid by the holder of the tax title and his assignor, without adding any interest or costs, as he should do, and such error is shown by the tax deed itself, and the redemption notice showed "the amount of taxes charged and interest calculated to the last day of redemption," which of course was a larger amount than the amount inserted in the tax deed as the consideration therefor, *held,* that such error of the county clerk with respect to the amount of the consideration for the tax deed does not render the tax deed void.

*Error from Saline District Court.*

ACTION by *Davis* against *Harrington* to have certain tax deeds declared void. Judgment for defendant, January 8, 1885. The plaintiff brings the case here. The opinion states the facts.

*John H. Mahan,* and *W. W. Guthrie,* for plaintiff in error.
*Garver & Bond,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by Leander Davis, in April, 1884, against Patrick Harrington, to have

certain tax titles set aside and held for naught. It appears from the record, among other things, as follows: The plaintiff through proper conveyances holds the original patent title to the east half of the southwest quarter and the west half of the southeast quarter of section 3, in township 13 south, of range 1 west of the sixth principal meridian, in Saline county, Kansas. The defendant through proper conveyances holds title to the property under two tax deeds, one on the east half of the southwest quarter, and the other on the west half of the southeast quarter of said section of land, both tax deeds having been executed on September 10, 1883, upon tax sales made on September 7, 1880, for taxes levied upon the land for the year 1879, which tax deeds were recorded on September 11, 1883. The defendant is in the possession of the property. The case was tried on December 19, 1884, before the court without a jury, and the court took the case under advisement until January 8, 1885, when it made a general finding in favor of the defendant and against the plaintiff, and rendered judgment accordingly; and to reverse this judgment the plaintiff brings the case to this court.

In this court the plaintiff makes the following points: (1.) The tax deed for the east half of the southwest quarter of said section is void, because it recites that the land was taxable for the year 1879, and was sold in 1879. (2.) The tax deed for the west half of the southeast quarter of said section is void, because it recites that the land was sold at a sale begun and publicly held "at the county seat of said county." (3.) The sale itself was void, because of an unlawful combination among the bidders. (4.) The sale was also void for the reason that there was no record evidence of any notice of the sale on file. (5.) The tax deeds are void for the further reason, that the recitals in each of them show that the amount required for the final redemption of the land from the taxes was a less amount than the final redemption notice to the owner of the land showed the same to be.

By agreement of the parties, the record was so amended as to take the plaintiff's first point out of the case.

The second point made by the plaintiff is, that the tax deed showed that the land was sold by the county treasurer of Saline county "at the county seat of said county," and did not state or show that the same was sold by him "at public auction at his office." In this respect the tax deeds followed the form given by the statute, and there was not the slightest necessity to deviate from that form in order to make them speak the truth; and hence, in this respect we think the tax deeds were sufficient. (*Hobson v. Dutton*, 9 Kas. 477, 486.) The sale was in fact made at public auction, and at the treasurer's office.

1. Tax deed, sufficient.

The third point made by the plaintiff is, that there was an unlawful combination among the bidders at the tax sale. Now nearly all the evidence, including the evidence of several witnesses, was against this claim of the plaintiff, and the court below found generally in favor of the defendant and against the plaintiff, and therefore found that there was no such unlawful combination. Several witnesses, including the purchasers of the property in controversy at the tax sale in question, testified positively that there was no combination, nor any agreement or understanding between the bidders that would prevent competition or bidding by any person who desired to bid, and nothing that would render the sale in the least unfair. There was evidence, however, which tended to show that the bidders did not in fact compete with each other for the purchase of the land; and this resulted principally from the fact that no bidder wanted to purchase the land unless he could get the whole of it for the taxes due thereon. Some of the bidders were speculators, some of them were mortgagees who wished to protect their mortgage liens, and others probably bid for other reasons. This case we think comes within the decision in the case of *Beeson v. Johns*, 59 Iowa, 166, 169. In that case the court used the following language:

2. Tax sale, not void.

"There were three bidders at the tax sale and they did not bid against each other, and this constitutes the only evidence there was of a fraudulent combination. We feel constrained to say this evidence is not, in our opinion, sufficient. Fraud

cannot be presumed, but the contrary presumption must be indulged in in the absence of evidence. It might well be that each bidder obtained all the land he wanted without the necessity of bidding against anyone else."

The plaintiff also claims that the tax sale was void for the reason that there was no record evidence of any notice of the sale on file. Now the tax deeds themselves are *prima facie* evidence that all things necessary to the validity of the tax deeds were done. And besides, there was ample evidence introduced on the trial to show that such notice was given, that proper proof thereof was made, and that the notice and proof were properly filed as required by law. Afterward, however, such notice and proof were lost or destroyed, and another notice, with proper proof thereof, was substituted therefor. This we think was sufficient. The loss or destruction of the notice and proof first filed does not render the tax sale void, nor the tax deed void; nor does the fact that the notice and proof were at one time lost or destroyed and not on file in the proper office, render any of such tax proceedings void. (*Watkins v. Inge,* 24 Kas. 612, 616.) And further, it will always be presumed, in the absence of anything to the contrary, that public officers do their duty as required by law. (*Young v. Rheinecher,* 25 Kas. 367, 368; *Mix v. The People,* 81 Ill. 118.)

3. Loss of notice; proof.

The last objection urged by the plaintiff against the tax deeds is, that their recitals show that the amount required for the final redemption of the land from the taxes was a less amount than the final redemption notice to the owner of the land showed the same to be; or, in other words, the tax deeds show conclusively what the amount required for the final redemption of the land was, and the redemption notice required a larger amount, and therefore required too much. Now we do not think that the tax deeds show any such thing. On the contrary, we think they tend to show the reverse. The tax deeds show the amount of the taxes which the holder of the tax titles and his assignor actually paid upon the land, but they do not show the amount which it would take to redeem the land from

the taxes at the time when the tax deeds first became due; or in the language of the statute, "the amount of taxes charged, and interest, calculated to the last day of redemption;" but such amount might with some degree of accuracy be calculated from the amounts which the tax deeds show was actually paid by the holder of the tax deeds and his assignor. If the times of such payments were shown by the tax deeds, the amount could be calculated with absolute certainty; but the times of such payments are not shown. The county clerk, however, when he executed the tax deeds, inserted in each tax deed, as the consideration therefor, the aggregate amount of the taxes paid by the purchaser of each eighty-acre tract of land, *without adding any of the costs or interest due thereon.* Of course this aggregate amount of taxes paid, *without* interest or costs, would not be equal to the amount which it would take to redeem the land from the taxes on the last day of redemption, and at the time when the tax deeds became due on the land, which *includes all* taxes, interest, and costs. But this failure on the part of the county clerk to state, as the

4. Tax deed; error as to amount of consideration.

consideration for each of the tax deeds, the amount of the taxes paid, *with* interest and costs, as we think he should do, does not vitiate the tax deeds. This has been expressly decided in the case of *Bowman v. Cockrill,* 6 Kas. 325, where it is held that the filling of the blank (designated in the statutory form as the place for the statement of the consideration of a tax deed) with an amount less than it should be does not render a tax deed void. We presume the redemption notice was absolutely correct. There is no showing to the contrary.

The judgment of the court below will be affirmed.

All the Justices concurring.