62 121
f71 446

THE BOARD OF COUNTY COMMISIONERS OF THE COUNTY OF HARPER v. GEORGE E. COLE, as *Auditor*, AND FRANK E. GRIMES, as *Treasurer*, etc.

No. 11,756. (61 Pac. 403.)

1. TAXATION—*Delinquent State Taxes—Liability of County.* By the terms of section 182 of chapter 158, General Statutes of 1897 (Gen. Stat. 1899, § 7296), in connection with chapter 199, Laws of 1885 (Gen. Stat. 1897, ch. 158, §§ 221–226; Gen. Stat. 1899, §§ 7364–7371), counties are liable to the state for uncollected state taxes levied on lands which, in default of payment, are sold at delinquent tax sale and bid in by the county; and by the last-mentioned act provision is made for the collection of such taxes by a special additional levy in the year succeeding the delinquency.

2. ———— *Case Followed.* The case of *Railway Co. v. Clark*, 60 Kan. 831, 58 Pac. 561, followed.

Original proceeding in mandamus. Opinion filed June 9, 1900. Writ denied.

*T. A. Noftzger,* for plaintiff.

*A. A. Godard,* attorney-general, *J. S. West,* and *B. H. Tracy,* for defendants.

The opinion of the court was delivered by

DOSTER, C. J. : This is an original action of mandamus brought by the board of commissioners of Harper county to compel the auditor and the treasurer of the state to credit the county with certain amounts of state tax charged against it in the years preceding 1898, and uncollected by it on its delinquent land tax sales. The contention of the plaintiff is that counties which have been compelled to bid in lands at tax sales and which have not been able to secure a redemption of the lands for the full amount of taxes charged, or have not been able to sell or assign their tax-sale certificates for the full amount of taxes charged, are relieved from liability to the state as to the unrealized portion of state taxes. The contention of the state is that chapter 199 of the Laws of 1885, in connection with section 182 of chapter 158, General Statutes of 1897 (Gen. Stat. 1899, § 7296), declares the liability of the county for such unpaid taxes and provides for a special levy to make up the delinquency. In *Railway Co. v. Clark,* 60 Kan. 831, 58 Pac. 561, we held with the state on the same question, but the correctness of our conclusion in that case is now challenged. We did not in the opinion in that case make special mention of all the statutory provisions bearing on the question, and will, therefore, in this one review them.

Chapter 196, Laws of 1872, provided that in case lands were bid in by a county at tax sales and remained unredeemed for five years, the county treas-

urer should sell them for such sum as could be realized, and, after paying the costs of the proceeding, distribute the proceeds to the various funds entitled thereto in proportion to the amounts due such funds. This act was repealed by section 158 of chapter 34, Laws of 1876.

Chapter 39, Laws of 1877, also provided for a sale of lands bid in by counties at tax sales for such sum as could be realized. The procedure under this statute was by foreclosure of the tax lien, and, like the statute of 1872, it directed the distribution of the proceeds to the various funds entitled to it.

Chapter 43, Laws of 1879, provided that if lands bid in by counties at tax sales should remain unredeemed for three years, the county commissioners might permit the owners to redeem for a less sum than the taxes, or the county clerk might assign the county's tax-sale certificate for a less sum than the amount due thereon. It also provided in its third section for a distribution of the proceeds of redemption or assignment to the different funds.

While all the above-mentioned acts provided that the net proceeds realized from the above-mentioned sales, redemptions or assignments of certificates should be distributed among and credited to the different funds in proper proportion, none of them provided what should be done as to the unrealized portion of taxes. While it would seem that a proper account of such unrealized taxes should be kept, none of the acts in terms so provided.

Chapter 199, Laws of 1885 (Gen. Stat. 1897, ch. 158, § 221; Gen. Stat. 1899, § 7364), provided in its first section that, as to lands sold under the acts of 1872 and 1877, the county clerk should "divide and charge the amount of such unrealized tax to the sev-

eral funds in proper proportion," etc., while in its second section it amended the third section of chapter 43, Laws of 1879 (Gen. Stat. 1897, ch. 158, § 222; Gen. Stat. 1899, § 7365), by adding a provision that taxes uncollected upon a redemption or assignment of the certificate of sale of lands sold and bid in by the county should be "divided among and charged to the several funds in proper proportion," etc. Thus the provisions of the law as to the debiting and crediting of realized and unrealized taxes on lands sold under the acts of 1872 and 1877, or redeemed, etc., under the act of 1879, were made uniform and plain.

None of these acts, nor any acts to which our attention has been called, provided a method of securing to the state the unrealized portion of taxes which the counties had been unable to collect on land sales, redemptions, or assignments of certificates. However, during all this time there was a provision declaring that each county should be responsible to the state for the full amount of taxes levied for state purposes, together with a provision which, seemingly, though not as we think in proper construction, would seem to neutralize or modify the one first mentioned, to the effect that the county treasurer should not be required to pay to the state treasurer more state taxes than actually collected by him. (Gen. Stat. 1868, ch. 107, §§ 132, 134; Laws of 1876, §§ 102, 104.) These provisions are still on the statute-book. (Gen. Stat. 1897, ch. 158, §§ 181, 182; Gen. Stat. 1899, §§ 7295, 7296.) The meaning of these two sections is that while counties are liable to the state for the full amount of the levy for state purposes, the county treasurer shall not be required to take moneys belonging to other funds with which to pay the amount due the state.

The act of 1885, chapter 199 (Gen. Stat. 1897, ch. 158, §§ 221–226; Gen. Stat. 1899, §§ 7364–7371), undertook to provide for the collection of all delinquent state taxes due from counties during all the previous years, and also to provide a method for making up the deficiency occurring in succeeding years. It provided in its third section what had never before been provided for, a certification to the auditor of state of the amount of uncollected state taxes for which the county was entitled to credit, and it directed the auditor and treasurer to credit the counties with the amount. This crediting, as is evident from the provisions of the act, was intended to be provisional—was intended to provide for an accounting between the counties and the state as to uncollected state taxes, and was not intended to declare the non-liability of the counties. This is manifest because, while in its fourth section it gave counties until July 15, 1885, within which to claim credits on levies made previous to 1884, it nevertheless, by section 5, provided that the auditor of state should, on the fourth Monday in July, 1885, report to each county the balance due from it on delinquent taxes, and that the county clerk should then determine the rate per cent. necessary to raise the amount, and place it on the tax-roll in addition to the state tax for that year. It followed this with a proviso that the additional levy should not exceed one-half mill in any year, but that it should be continued until the delinquent taxes due from each county had been paid. These provisions were by their terms limited to the taxes of 1883 and the preceding years. In 1891 the time in which counties were allowed, under the provisions of section 4, chapter 199, Laws of 1885, to claim credit for uncollected state taxes under the levies of 1883 and

preceding years, was extended to July 15, 1891. (Laws 1891, ch. 205.) In 1895 a similar extension of time was allowed. (Laws 1895, ch. 262.) It is evident from these various enactments that the legislature had in contemplation an accounting between the state and the several counties as to the delinquent state taxes of 1883 and preceding years, and that it was providing for the correction of such delinquencies by the collection and payment of the amounts due.

As to delinquencies in the payment of state taxes for the year 1884 and subsequent years, provision was made by the act of 1885, chapter 199. Section 6 declares :

"If after the settlement by the county treasurer of any county in November of each year, as provided in section ninety-nine, chapter thirty-four, of the Session Laws of eighteen hundred and seventy-six, there shall remain due from such county any portion of the state tax levied for the preceding year, the auditor of state, on the second Monday of July in each year succeeding the said November settlement, shall report to the county clerk of such county the amounts of such unpaid tax, and the county clerk shall determine the rate per cent. necessary to raise the said amount, and shall place the same on the tax-roll in addition to the regular levy for state purposes, and the same shall be collected by the county treasurer and paid into the state treasury as are other state taxes." (Gen. Stat. 1897, ch. 158, § 225 ; Gen. Stat. 1899, § 7370.)

This section, therefore, supplements section 102 of chapter 34, Laws of 1876. (Gen. Stat. 1897, ch. 158, § 182 ; Gen. Stat. 1899, § 7296.) Together they declare the continuing liability of the counties to the state for the full amount of state taxes and provide a method by which the deficiency shall be collected and paid into the state treasury. These provisions are plain. They leave no room for construction.

Harper County v. Cole.

As before stated, the demand made by the county upon the auditor and treasurer is for a credit for the amount of the uncollected state taxes. The alternative writ issued in the case does not state the years in which the delinquencies occurred. If they occurred in 1884 or preceding years, the claim of credit, even as a mere matter of formal accounting between the county and the state, could not be allowed, because, by the provisions of the acts of 1891 and 1895, before referred to, the time within which the claim of credit must be made has long since expired, and, as before stated, the credit, when allowed under the provisions of section 4 of chapter 199, Laws of 1885, as amended by the subsequent acts of 1891 and 1895, would be provisional in its nature and would be followed by a certification from the auditor of the delinquency thus temporarily credited, upon receipt of which a special levy to correct it would have to be made. As to the state taxes levied in 1885 and since that time, no credit, even as a matter of mere bookkeeping, is allowed, because the statute above quoted specifically declares that the county clerk, upon the receipt of a report from the auditor of state, on the second Monday of July in each year, of the amount of the delinquency, shall determine the rate per cent. necessary to raise such amount, and shall place it on the tax-roll, in addition to the regular levy for state purposes.

The county is not entitled to a peremptory writ. The motion to quash the alternative writ is, therefore, sustained and the peremptory writ denied.