### ALFRED CREBBIN V. HENRY WEVER.

No. 14,123.    (80 Pac. 977.)

#### SYLLABUS BY THE COURT.

1. TAXATION—*County Owing State—Levy Not Excessive.* The placing on the tax-rolls by the county clerk, in any year, of a sum of money to be raised for state purposes in addition to the regular levy for state purposes will not be construed to make the levy excessive when such sum is insufficient to meet the amount in which the county is already delinquent to the state.

2. PRACTICE, SUPREME COURT — *Tax Deed — Construction of Pleadings.* Legal conclusions of invalidity, illegality and non-compliance with the law in a pleading attacking a tax deed will be construed to relate to defects concerning which specific allegations of fact are made.

Error from Greeley district court; CHARLES E. LOB-DELL, judge. Opinion filed May 6, 1905. Affirmed.

*W. M. Glenn,* for plaintiff in error.

*D. R. Beckstrom,* for defendant in error.

The opinion of the court was delivered by

BURCH, J.: The petition filed in the district court is in the ordinary form for ejectment. The answer pleaded a tax deed. The reply, which was unverified, assailed the tax deed for excessive levies.

On the trial the facts were agreed to, and they show that for the years covered by the tax proceedings culminating in the tax deed the county clerk placed on the tax-roll, to be collected for state purposes, amounts in excess of those apportioned to the county by the state board of equalization, as follow: For 1898, $592; for 1899, $482.33; for 1900, $256; for 1901, $206.

The agreed facts further show that on July 24, 1902, the county still remained indebted to the state for delinquent taxes, for which levies should have been made, as follow: For 1898, $616.03; for 1899, $1017.64; for 1901, $797.83.

Under the interpretation given to chapter 199 of the Laws of 1885 (Gen. Stat. 1901, § 7712) by this court in the case of *Harper County v. Cole,* 62 Kan. 121, 61 Pac. 403, it was the duty of the county clerk to place on the tax-rolls each year an amount in addition to the regular levy for state purposes sufficient to raise the sum in which the county was already delinquent to the state. The delinquencies noted in the agreed statement of facts were continuing obligations of the county to the state, and while they existed no levy for state purposes could be excessive that was not large enough to include them. Therefore, the levies made were not excessive.

On the trial the plaintiff sought to introduce evidence showing that illegally computed interest had entered into the consideration of the tax deed. The court rejected the evidence on the ground that it was irrelevant under the pleadings. While the reply abounds in legal conclusions to the effect that the defendant had no "valid and legal tax deed," that such tax deed "was

Crebbin v. Wever.

issued in violation of law," and that "the law was not complied with," the only fact asserted against the validity of the deed was that of an excessive levy of taxes for state purposes. The scope of the pleading was limited to the specific allegations of fact that it contained, and the evidence offered was properly excluded.

The agreed statement of facts contains a stipulation to the effect that the title to the real estate described is in the plaintiff, except for the tax deed of the defendant, and an argument is made to show that under the rules relating to the burden of proof in ejectment cases judgment should have gone for the plaintiff.

The execution and delivery of the tax deed to the defendant were admitted. The only defect urged against it was that of an excessive levy. While the answer is very meager in its assertions of fact, no motion was made to require it to be amplified, and if some vitiating fact had not been pleaded against the deed the defendant would have been entitled to judgment. The supposed imperfection was found not to exist. Hence, on the pleadings and agreed facts it appears that the defendant holds a flawless tax deed, and is entitled to remain in possession of the land.

The judgment of the district court is affirmed.

All the Justices concurring.