Kennedy v. Scott.

WILBUR W. KENNEDY v. MARY A. SCOTT *et al.*

No. 14,314.   (83 Pac. 971.)

SYLLABUS BY THE COURT.

1. TAX DEEDS—*Description of Property—Abbreviation—Construction.* The abbreviation "S E 4," employed in the description of the property conveyed by a tax deed, will be interpreted as meaning "southeast quarter" when it is explicitly used in another part of the same instrument as the equivalent of these words.

2. ——— *Excessive Consideration—Apportionment of Taxes Paid.* Where a tax deed states the total payments for subsequent taxes made by the holder of the tax-sale certificate, but fails to show how much of this sum was paid for the taxes of any one year, the amount recited as the consideration of the deed will not be deemed excessive if it can be accounted for by any apportionment of such taxes among the several years that is consistent with the recitals of the deed.

3. ——— *Recorded Five Years—Statutory Fees Assumed to be Part of Consideration.* Where a tax deed has been of record more than five years it will not be set aside by reason of the fact that it shows on its face that the amount stated as its consideration is excessive, where the excess can be accounted for by assuming that the county clerk, in computing the amount of the consideration, included the statutory fees for the issuance and recording of the deed.

Error from Greenwood district court; GRANVILLE P. AIKMAN, judge. Opinion filed December 9, 1905. Affirmed.

*W. S. Marlin,* for plaintiff in error.

*F. S. Jackson,* and *Howard J. Hodgson,* for defendants in error.

The opinion of the court was delivered by

MASON, J.: The only question involved in this case is whether the trial court erred in sustaining a tax deed that had been of record for more than five years against several objections made to it for matters apparent upon its face. The tract sold and conveyed is described in the deed as "the S E 4, section 25, township 23, range 8." It is argued that this is an insufficient and unintelligible description because the letters "S E" followed by the figure "4" cannot be construed as equivalent to the words "southeast quarter." There are decisions which seem to sustain that contention. (See 1 A. & E. Encycl. of L. 101, note.) Whether it is sound as a general principle need not be determined. In the deed the land against which the taxes were assessed is described in this manner: "The southeast quarter (S E. 4) of section twenty-five (25), township twenty-three (23), range eight (8), situated in the county of Greenwood and state of Kansas." This explicitly shows that whoever prepared the deed employed "S E 4" as an abbreviation for "southeast quarter," and gives the clue, if one be needed, for the interpretation of the expression wherever found in the same instrument.

It is claimed that the consideration stated in the deed is excessive. The deed does not disclose what amount would have been required at the time of its execution to redeem the property. It shows that the taxes for three subsequent years were paid by the holder of the tax-sale certificate, and gives the total amount so paid, but does not indicate when these pay-

ments were made nor how the amount was distributed among the three years. However, nothing is omitted that the statute requires. The only provision of the law applicable to this matter is found in the form of tax deed given in section 7676 of the General Statutes of 1901, which includes the recital: "And whereas, the subsequent taxes of the year ——, amounting to the sum of —— dollars, have been paid by the purchaser, as provided by law." The requirement imposed by this recital is met by a statement of the gross amount paid for the years named, without showing its apportionment among the several years. There is no presumption that the taxes of the several years were equal, or bore any other definite relation to each other. On the contrary, the court must assume any distribution of the taxes of the three years that is necessary to the validity of the deed, and not inconsistent with any of its recitals. To uphold the deed after it has been of record for five years the court may assume that the greater part of the subsequent taxes referred to accrued in the year of the sale and were paid at the earliest possible date, so that practically the whole amount bore interest from that time. (*Martin v. Garrett*, 49 Kan. 131, 30 Pac. 168.)

This principle alone will not save the deed in the present case, for the most liberal presumption in respect to the apportionment of the subsequent taxes will not serve to account fully for the consideration stated in the deed, which upon any possible theory of the time of payment is somewhat greater than the proper amount. The excess, however, viewed in the light of the presumptions most favorable to the validity of the deed, is less than the sum of the fees fixed by statute for the issuance and recording of the deed. These are not items that are intended to be, or should be, included in the consideration of a tax deed; but it has been held that if they are so included the deed is not thereby rendered vulnerable to an attack made after the lapse of the limitation period,

although the fact is shown upon the face of the deed, for the reason that these are charges that would have to be paid by the original owner before he could recover the property. (*Martin v. Garrett,* 49 Kan. 131.) It had already been decided in *Bowman et al. v. Cockrill,* 6 Kan. 311, 325 (followed in *Davis v. Harrington,* 35 Kan. 196, 10 Pac. 532), that understating the amount of the consideration does not render a tax deed void, inasmuch as it can result in no possible injury to any one unless it be the grantee. The apparent purpose of stating the consideration being to advise the owner of the property of the amount he would be required to pay if he should succeed in having the deed set aside, it was logically held in *Martin v. Garrett, supra,* that such owner had no cause to complain of an overstatement of the consideration occasioned by including charges which were not required to be shown in the deed, but which, nevertheless, he would be obliged to pay in the event of his recovering the property.

The favorable treatment always given to one who has been permitted to hold possession of land under a tax deed for five years without his title's being questioned warrants the court in presuming in this case that the trifling part of the consideration which cannot otherwise be accounted for was intended to cover the costs of issuing and recording the deed, and for that reason does not render it void.

Other objections to the deed have been made which are not thought to require discussion. As no valid objection has been pointed out, the judgment is affirmed.

All the Justices concurring.