Robbins v. Brower.

---

EDWARD D. ROBBINS V. D. M. BROWER.

No. 14,631.    (85 Pac. 815.)

EDWARD D. ROBBINS V. C. W. PHILLIPS *et al.*

No. 14,630.    (85 Pac. 815.)

SYLLABUS BY THE COURT.

TAX DEED—*Recorded Five Years—Consideration.* The statutory form of tax deed does not require that the source of the consideration for an assignment of a certificate of sale for land bid in by the county shall be shown by recitals preceding the granting clause; and in construing a tax deed which has been of record more than five years a sum much greater than the sale price, with interest, stated as the consideration for such an assignment, will be deemed to be the cost of redemption at the date of the assignment unless other recitals of the instrument prove the contrary.

8—74 KAN.

Error from Kiowa district court; EDWARD H. MADI-SON, judge. Opinion filed June 9, 1906. Affirmed.

*J. W. Davis,* for plaintiff in error.

*L. M. Day,* for defendants in error.

The opinion of the court was delivered by

BURCH, J.: The question in this case is whether a tax deed is valid upon its face, no attack having been made upon it within five years from the date of its record. The deed is in the following form:

"KNOW ALL MEN BY THESE PRESENTS: That whereas the following described property, viz., northwest quarter of section one (1), township twenty-seven (27) south, range nineteen (19) west of the sixth principal meridian, situated in the county of Kiowa and state of Kansas, was subject to taxation for the year A. D. 1893; and whereas the taxes assessed upon said real property for the year aforesaid remain due and unpaid at the date of the sale hereinafter mentioned; and whereas the treasurer of said county did, on the 4th day of September, 1894, by virtue of the authority in him vested by law, at the sale begun and publicly held on the first Tuesday of September, 1894, expose to public sale, at the county seat of said county, in substantial conformity with all the requisitions of the statute in such case made and provided, the real property above described, for the payment of taxes, interest and costs then due and remaining unpaid upon said property; and whereas, at the place aforesaid, said property could not be sold for the amount of tax and charges thereon, and was therefore bid off by the county treasurer for said county for the sum of $11.34, the whole amount of tax and charges then due on the whole of the above-described property; and whereas, for the sum of $67.07, paid to the treasurer of said county, on the 24th day of May, 1898, the county clerk did assign the certificate of sale of said property and all the interest of said county in said property to D. M. Brower, of the county of ———, and state of ———; and whereas the subsequent taxes of the year 1897, amounting to the sum of $6.95, have been paid by the purchaser as provided by law; and whereas three years have elapsed since the date of said sale, and the said

property has not been redeemed therefrom as provided by law:

"*Now, therefore*, I, E. A. Northrup, county clerk of the county aforesaid, for and in consideration of the sum of $74.02, taxes, costs and interest due on said land for the years 1893, 1894, 1895, 1896, and 1897, to the treasurer paid as aforesaid, and by virtue of the statute in such case made and provided, have granted, bargained and sold, and by these presents do grant, bargain and sell unto the said D. M. Brower, his heirs and assigns, the real property hereinbefore described, to have and to hold unto him, the said D. M. Brower, his heirs and assigns, forever, subject, however, to all rights of redemption as provided by law.

"IN WITNESS WHEREOF," etc.

The objections urged against this deed are: Want of authority on the part of the treasurer to execute, and of the county clerk to assign, the tax-sale certificate; the failure of the deed to show the correct amount of taxes and charges due on the land when the certificate was assigned; and the failure to include the taxes for the year 1897 in the amount for which the certificate was assigned.

The first objection is pressed no further than to say that the officers had no right to act except with reference to correct amounts. The proposition presented in the last objection was determined adversely to the plaintiff in error in the case of *Gibson v. Trisler*, 73 Kan. 397, 85 Pac. 413. The decision of the controversy turns, therefore, upon the consideration for the assignment of the tax-sale certificate.

The form for tax deeds prescribed by the statute does not require that the amount paid for the assignment of a tax-sale certificate after land has been bid in by the county shall be itemized, or that the sources of the consideration be stated. The following is all that is necessary:

"And whereas, for the sum of ——— dollars and ——— cents, paid to the treasurer of said county, on the ——— day of ———, the county clerk did assign the certificate of sale of said property, and all the in-

terest of said county in said property, to said E. F., of the county of ——— and state of ———." (Gen. Stat. 1901, § 7676.)

The amount to be inserted is the cost of redemption at the time the assignment is made. This amount may be the sale price, with interest, or it may also include the taxes and charges for subsequent years if the taxes for such years have not been paid. Taxes paid by the assignee subsequently to his acquisition of the certificate of sale are to be stated independently of the consideration for the assignment, as indicated by other parts of the form. Analyzing the consideration stated in the foregoing deed, it clearly includes the taxes for the year 1897 in the sum of $6.95. Deducting this amount from the total consideration, the remainder is the sum stated by the deed to be the consideration for the assignment of the certificate, $67.07. There is nothing on the face of the deed to show that this was not the actual cost of redemption on May 24, 1898, and the deed is not to be presumed to be irregular. Of the sum stated, the original sale price of the land with interest computed according to the statutory rule amounts to $17.67. The remainder, $49.40, is the cost of redemption for years other than 1893 and 1897. That there were other years in which taxes accrued is shown by the recital immediately preceding the grant of the land—that is, the years 1894, 1895 and 1896.

If the statutory form rendered it necessary to show how the consideration for the assignment of a certificate is in any case derived the objection of the plaintiff in error might be more serious; but since every matter required by the statute to be stated in the deed duly appears in the prescribed order, and other recitals do not impeach the correctness of the consideration stated, the deed is valid on its face.

The record shows that other objections to the deed in question, argued in the briefs and at the bar, were not presented by plaintiff in error to the trial court,

and that tribunal will not be reversed for something which it had no opportunity to consider.

The judgment of the district court is affirmed.

The same questions are presented in case No. 14,630, *Robbins v. Phillips,* and the judgment of the district court in that action is likewise affirmed.

All the Justices concurring.