John v. Young.

---

REASON M. JOHN v. B. F. YOUNG.

No. 14,703.　(86 Pac. 295.)

1. TAX DEED—*Day of Sale—Recitals—Presumption.* In a tax deed recorded five years the blanks for the day of sale were not filled, but immediately following was a statement that the sale was begun on a given date. It was said this court would not presume that the sale extended beyond the day named or was made on another day.

2. ——— *Consideration Not Excessive.* The deed recited the years for which payments of subsequent taxes by the purchaser at the sale were made, but the dates of such payments were not given. It was held that the consideration was not shown to be excessive.

55—74 KAN.

Error from Osborne district court; RICHARD M. PICKLER, judge. Opinion filed July 6, 1906. Affirmed.

*J. L. Travers, Fred G. Shaw,* and *R. H. Towne,* for plaintiff in error.

*Charles H. Nicholas,* for defendant in error.

*Per Curiam:* In this case it is contended that a tax deed which has been of record more than five years is void on its face because the day of sale is not stated. The blanks in the statutory form ("did on the ———— day of ———— A. D. 189—") were not filled, but immediately following it is stated that the sale was begun and held on the first Tuesday of September, A. D. 1896. The court will not presume that the sale extended beyond the day named, nor that the sale was made on any other day. The principle of law covering the case is announced in the first paragraph of the syllabus of *Penrose v. Cooper* (on rehearing), 71 Kan. 725, 84 Pac. 115.

Other claimed defects in the deed are pointed out. The answer contains several defenses, separately stated and numbered. The first consists of a general denial. The second is devoted to irregularities in the proceedings, beginning with matters preceding the sale and ending with the redemption notice. The third attacks the deed as void on its face for the single reason stated. The judgment recites that the court finds that the tax deed is not void on its face because of any of the reasons alleged in the answer. Hence the court may have considered the question whether the consideration in the deed is shown to be excessive by the face of the instrument.

The purchaser at the tax sale paid the subsequent taxes. The years for which such payments were made are stated, but the dates of payment are not given. Plaintiff in error assumes dates satisfactory to himself and makes a computation of interest which shows the

deed to be bad. But the court will make no such assumption. Assuming other dates, the consideration may be accounted for to a penny, and the question is, Does the deed prove itself to be void? The principle to be applied in such cases is stated in *Kennedy v. Scott,* 72 Kan. 359, 83 Pac. 971.

It is claimed the description contained in the deed is defective, but nowhere in the pleadings is the description assailed, and the conduct of the trial court cannot be questioned concerning matters not submitted to it for decision.

The judgment of the district court is affirmed.