M. J. VOGLER *et al.* v. L. R. STARK.

No. 14,908   (89 Pac. 653.)

1. TAX DEEDS—*Consideration—Interest—Retroactive Law.* It was said that where a tax sale was made under a statute allowing interest at the rate of twenty-four per cent. the rate was not affected by a subsequent statute providing for a lower rate.

2. ——— *Computation of Consideration—Cost of Making Deed.* It was said that the interest chargeable may be added to the cost of making the deed in determining whether the consideration is excessive.

Error from Osborne district court; RICHARD M. PICKLER, judge. Opinion filed March 9, 1907. Affirmed.

*Wiley T. Selby,* for plaintiffs in error.

*J. L. Travers,* and *R. H. Towne,* for defendant in error.

*Per Curiam:* While the record is not in good form, and contains superfluous matter, it is not invalid.

The tax deed involved has been of record more than five years and is not open to attack for mere irregularities. The claim that the deed is void on its face because the consideration named is excessive is not good. It is largely based on a computation of interest at a rate of fifteen per cent., whereas the sale was made under a statute allowing a charge of twenty-four per cent., and the rate on such sale was not affected by the subsequent statute providing for a lower rate. (Gen. Stat. 1901, § 7698; *Watkins v. Inge,* 24 Kan. 612; *Robertson v. Lombard,* 73 Kan. 779, 85 Pac. 528.) To the interest charged under the old law may be added the costs of making the deed, and, this being done, no excess is found in the consideration named in the deed. (*Martin v. Garrett,* 49 Kan. 131, 30 Pac. 168; *Kennedy v. Scott,* 72 Kan. 359, 83 Pac. 971.)

The fact that the deed did not state the residence of

the grantee was not submitted to the district court, and only such questions as were decided by that court can be reviewed here. In his pleading plaintiff points out specifically the supposed defects in the tax deed, and this was not one of them. There can be no reversal upon a question upon which there was no ruling in the district court. (*Robbins v. Brower*, 74 Kan. 113, 85 Pac. 815; *John v. Young*, 74 Kan. 865, 86 Pac. 295.)

Other objections are made to the tax deed, but none of them is substantial.

The judgment is affirmed.