J. R. JACKSON *et al.* v. ROSE MCCARRON *et al.*

No. 15,343. (95 Pac. 402.)

1. TAX DEEDS—*Seal of County.* A tax deed held not void because the seal affixed was not the official seal of the county.

2. ——— *Defective Recital—Deed Invalid.* A tax deed recorded less than five years held invalid because it did not recite for whom the county treasurer bid off the land.

Error from Logan district court; JAMES H. REEDER, judge. Opinion filed April 11, 1908. Affirmed.

. *W. H. Wagner, Lee Monroe,* and *George A. Kline,*. for plaintiffs in error.

*John B. Ennis,* for defendants in error.

*Per Curiam:* Two questions are presented:

(1) Is the tax deed void because not attested by the official seal of the county? The written certificate of the county clerk recites: "I . . . have hereunto subscribed my name and affixed the official seal of said county," and a seal is affixed with this device:

"COUNTY CLERK
    SEAL
LOGAN COUNTY, KANSAS."

And it is also shown that this seal had been used by the county clerk (with the exception of only one instance) and by his predecessors in office for years to attest all of his and their official acts. The evidence, however, showed that the county had another seal,. which bore the device:

"BOARD OF COUNTY COMMISSIONERS
            SEAL
    LOGAN COUNTY, KANSAS."

The latter seal the evidence tended to show had been used but once by the county clerks to attest an official act, and then by special request, after the commencement of this action. We answer the question in the negative, on the authority of *Clarke v. Tilden,* 72 Kan. 574, 84 Pac. 139.

(2) Is the tax deed valid? It has been of record less than five years, and the recital therein as to the sale for taxes is as follows:

"And whereas, at the place aforesaid, said property could not be sold for the amount of taxes and charges thereon, and was, therefore bid off by the county treasurer of said county for the sum of eleven dollars and twenty cents, the whole amount of taxes and charges. then due thereon."

It will be observed that the recital does not show for·

whom the treasurer bid off the land, and this defect is sufficient to overthrow the deed. (*Penrose v. Cooper*, 71 Kan. 720, 81 Pac. 489; *Grinstead v. Cooper, post*, p. 778.)

The judgment is affirmed.