Kessler v. Polkosky.

---

RUFUS G. KESSLER, *Appellee*, v. FRANK POLKOSKY *et ux.*, *Appellants*.

No. 16,007.

SYLLABUS BY THE COURT.

1. TAX DEEDS—*Separate Tracts of Land—Consideration for Conveyance of Each Tract—Presumptions.* ·Although the statute authorizing the county clerk to include in one tax deed several tracts of land sold to the same purchaser (Gen. Stat. 1901, § 7677) requires a statement of the amount of tax, interest and penalty for which each separate tract was sold and conveyed, the deed, after it has been of record more than five years, will be deemed sufficient in this respect where the amounts for which the separate tracts were sold are stated and the amount for which each was conveyed can be determined from the language used in the deed, aided by all proper inferences, although not stated in the granting clause.

2. ———— *Same.* A tax deed included two adjoining tracts. It stated the amount for which each tract was bid off for the county in September, 1894, the amount for which the certificate upon each tract was assigned to the purchaser in July, 1897, and the consideration for which both tracts were conveyed September 30, 1897, reciting that it was for the taxes, costs and interest due on the land for the years 1893, 1894, and 1895. The proportion between the amounts for which the respective certificates were assigned appears to be the same as the proportion between the amounts for which the different tracts were sold. It is *held,* that a small excess in the gross consideration stated in the deed over ·the sum of the amounts

for which the assignments were made may be apportioned in the same ratio, and that the amount for which each tract was conveyed can, by the aid of the liberal presumptions indulged to support a tax deed after the period of limitation has expired, be determined by proportion.

Appeal from Trego district court; JACOB C. RUPPEN-THAL, judge. Opinion on rehearing, filed November 6, 1909. Reversed. (First opinion not reported.)

*John E. Hessin,* and *W. E. Saum,* for the appellants.
*Lee Monroe,* and *George A. Kline,* for the appellee.

The opinion of the court was delivered by

BENSON, J.: This action was commenced by Rufus G. Kessler to recover two adjoining quarter sections of land from Frank Polkosky and wife, who were in possession under a tax deed purporting to convey all the land and a sheriff's deed upon one quarter section of it. The plaintiff owns the fee, unless devested of all or a part by the conveyances named.

The tax deed was issued in September, 1897, upon a tax sale held on September 4, 1894, for the taxes of 1893, made to the county. The certificates, with the taxes of 1894 and 1895 charged thereon, were assigned to the purchaser on July 8, 1897. The deed included both tracts, and the district court held that it was sufficient in all respects except that it did not state the consideration for the conveyance of each tract separately. The deed recited the separate proceedings with respect to each tract, the amount for which each was sold, and the amount for which the tax-sale certificate for each was assigned. In the granting clause, however, the consideration for the conveyance of both tracts is stated in one gross sum, viz.: "eighty-five dollars and seven cents, taxes, costs and interest due on said land for the years A. D. 1893, 1894 and 1895, to the treasurer paid as aforesaid."

The statute provides that several tracts may be included in one tax deed "stating the amount of tax, in-

terest and penalty for which each separate tract is sold and conveyed." (Gen. Stat. 1901, § 7677.) The deed recites that one tract was bid in by the treasurer for $10 and the other for $11.08, and that the assignments of the certificates were for $39.23 and $43.43, respectively. The aggregate of these sums is $2.41 less than the consideration recited in the granting clause of the deed. This excess of $2.41 includes the interest on the taxes of 1894 and 1895 charged against the land before the date of the assignment, accruing between that date and the date of the deed, September 30, 1897, a period of eighty-four days. This excess also includes twenty cents, or ten cents on each tract, which we must presume was for accruing fees.

The proportion between the amounts for which the respective tracts were sold is practically the same as the proportion between the amounts for which the certificates were assigned. The variance is only three cents, which may be accounted for by rejecting or carrying out the fractions of a cent in computation (*Troyer v. Beedy,* 79 Kan. 502), or by the fact that fees accruing after the tax sale were charged equally upon each parcel. The proportion existing at the tax sale continuing at the date of the assignments naturally leads to the conclusion that the interest accruing afterward should be likewise apportioned. The amount paid upon the assignment of the certificate on each tract, plus this proportion of this accruing interest, and ten cents for fees, would be the consideration for its conveyance. The omission of express recitals in such a deed, which has been of record for more than five years, is not fatal if other recitals, when given a fair and liberal construction, supply the omission. (*Penrose v. Cooper,* 71 Kan. 725; *Gibson v. Trisler,* 73 Kan. 397; *Havel v. Abstract Co.,* 76 Kan. 336; *Robbins v. Brower,* 74 Kan. 113; *Fullington v. Jobling,* 75 Kan. 817; *Gibson v. Ast,* 77 Kan. 458; *Gibson v. Freeland,* 77 Kan. 450.)

It is argued that this proportion might have been different in one or both of these intervening years and

yet the aggregate of taxes and interest for both years might have been in the same proportion at the date of the assignments as at the date of the tax sale, and various computations to show this result are presented. In one of these computations the taxes for 1895 on tract No. 1 are supposed to have been $20.75, and for 1896, $1; while the taxes upon tract No. 2 for 1895 are supposed to have been $1, and for 1896, $21. Computing the interest on these amounts from the date the delinquent taxes were properly charged against the land, and including the other items about which there is no dispute, and adding ten cents for costs upon each tract, it is shown that $43.43 was due July 8, 1897, on tract No. 1, and $39.23 on tract No. 2, being the amounts stated in the certificates. In another of these computations it is supposed that the taxes on tract No. 1 were $1 in 1895 and $23.36 in 1896, and on tract No. 2, $18.66 in 1895 and $1 in 1896. Adding the other items, and computing the interest as before, the same result is reached. Other tables are presented varying the amounts of the taxes in each year upon each tract, resulting in the same amounts due upon each tract on July 8, 1897, and so it is argued that it is impossible to determine from this deed what the taxes for these intervening years upon each tract were; that without this knowledge we have no basis upon which to compute the interest between the date of the assignment and the date of the deed; and hence that it can not be determined how much of this $2.41 entered into the consideration for each tract. If the computations for the first illustration given above are carried out the consideration for tract No. 1 at the date of the deed would be $44.64, and for tract No. 2, $40.43, total, $85.07, the consideration stated in the deed; while the computations for the second illustration carried out would give $44.74 as the consideration for tract No. 1, and $40.33 for tract No. 2, a total of $85.07. Thus from these two extreme illustrations it will be observed that a possible

Kessler v. Polkosky.

variation of ten cents might have existed in the consideration for each tract at the date of the deed, and it is contended that this renders the deed void. This possibility is based upon the presumption that the taxes upon one of these tracts varied from $20.75 in one year to $1 in the next, and will not be indulged to defeat a tax deed of record for more than five years. Presumptions are not to be indulged to defeat such a deed; on the contrary, its recitals will be liberally construed to uphold it. (*Penrose v. Cooper*, 71 Kan. 725; *Rynearson v. Conn*, 77 Kan. 160; *Gibson v. Larabee*, 77 Kan. 243; *Dye v. Railroad Co.*, 77 Kan. 488; *Robert v. Gibson*, 79 Kan. 344.)

Where the consideration stated in a tax deed is less than the true amount the conveyance is not made void thereby (*Bowman, et al., v. Cockrill*, 6 Kan. 311; *Davis v. Harrington*, 35 Kan. 196; *Jones v. Garden City*, ante, p. 59), and if the consideration is excessive the deed is not avoided if such excess can be accounted for by including charges that would have to be paid by the owner before recovering the property, although they ought not to be included in the consideration. (*Kennedy v. Scott*, 72 Kan. 359; *Martin v. Garrett*, 49 Kan. 131; *Volger v. Stark*, 75 Kan. 831.)

In *Gibson v. Kueffer*, 69 Kan. 534, a tax deed covering several disconnected tracts of land, which did not state the amount for which each separate tract was conveyed, was adjudged invalid upon its face, even after the lapse of five years from the date on which it was recorded. The deed recited the sale of several tracts for the taxes of 1891, stating the amount for which each tract was sold, and the payment by the purchaser of the subsequent taxes for the years 1892, 1893, and 1894, amounting to $65.67, without specifying the several amounts paid upon each tract. The consideration was stated in the granting clause at a gross sum. The difference between the recitals in that deed and the one under consideration is important. The only basis for an

apportionment of the subsequent taxes in that case was the amounts paid at the original tax sale. Here we have not only these amounts, but we also have the amounts paid upon the assignments of the certificates, only eighty-four days before the date of the deed, showing that the same proportion had continued down to that time. It should also be observed that in that case the only question considered was what result followed when a tax deed covering disconnected tracts failed to show how much of the gross consideration was chargeable against each. No suggestion was made or passed upon that it might be possible to ascertain from the face of the deed how much was paid on each tract by presuming that the taxes for the subsequent years were apportioned in the same ratio as in the year of the first delinquency.

In the later case of *Nagle v. Tieperman*, 74 Kan. 32, where it appeared that the two tracts included in the deed had been assessed for the same amounts for the year 1888, the court said: "If they continued to be so taxed for the years 1889, 1890, and 1891, and the deed does not show that they were not so taxed, the consideration for the conveyance of each tract could be ascertained by simple division." (Page 55.) While in that case the proportions were equal the division by two fixed the amounts, yet the proportion may be arrived at with the same certainty where the amounts are unequal. The decision in that case, however, is also based upon another ground. The language quoted was not necessary to sustain the conclusion reached, and is therefore not decisive.

Another objection urged against this deed is the recital in the granting clause that the consideration named is the amount of "taxes, costs and interest" instead of "taxes, interest and penalty," according to the language of the statute. This is the form of the recital appearing in the deed approved in *Nagle v. Tieperman, supra*, and is a substantial compliance with the statute.

(*Martin v. Garrett,* 49 Kan. 131.)    Indeed, this is the precise form prescribed by statute where only one tract is included.

The objection that the description in the granting clause—"the real property last hereinbefore described" —applies to but one of the tracts is fully met by the opinion in *Gibson v. Shiner,* 74 Kan. 728.

Another objection based upon the supposed insufficiency of the seal is unavailing.    (*Clarke v. Tilden,* 72 Kan. 574; *Jackson v. McCarron,* 77 Kan. 776.)    Extraneous evidence that the county used a different seal afterward, if admissible, did not overthrow the presumption that the one used at the time the deed was executed was the seal of the county.

We conclude that the tax deed was valid, and devested the plaintiff of the fee.    It is therefore unnecessary to examine the questions arising upon the sheriff's deed, as the defendants' title under the tax deed must prevail.

A motion was made to dismiss this proceeding for the reason that it does not appear that the amount or value in controversy exceeds $100, and there is no certificate of the judge that this case belongs to one of the excepted classes as provided in section 542 of the civil code.    (Gen. Stat. 1901, § 5019.)    This action was tried, the judgment rendered and the proceedings taken to this court after the section referred to was amended by chapter 256 of the Laws of 1907, dispensing with such certificate.    As this action involves the title to real estate, and as no certificate was required when the appeal was taken, the motion is denied.

The judgment is reversed upon the petition in error filed by the defendants, with directions to enter judgment in their favor in accordance with the views expressed in this opinion.