THE WAKEENEY LAND AND INVESTMENT COMPANY, *Appellee,* v. GEORGE H. ANDREW *et al., Appellants.*

No. 16,536.

COMPROMISE TAX DEED—*Consideration for Each of Several Tracts.* A compromise tax deed held good on its face after five years, although it showed one year's tax on several disconnected tracts was paid after the certificate issued, without reciting how much of the amount accruèd on each tract, the presumption being that the proportion shown by the original sale continued.

Appeal from Greeley district court; CHARLES E. LOBDELL, judge. Opinion filed May 7, 1910. Reversed.

*D. R. Beckstrom,* for the appellants.

*W. M. Glenn, Lee Monroe,* and *George A. Kline,* for the appellee.

*Per Curiam:* The sole question presented in this case is whether a five-year-old compromise tax deed, which was held to be void upon its face for a failure to recite how much of the total consideration was applied to each of the several separate tracts conveyed, can be validated by a presumption to be drawn from the other recitals. In *Gibson v. Kueffer,* 69 Kan. 534, the court decided that the statute required a tax deed covering several separate tracts to show, not only how much each was originally sold for, but also for how much it was conveyed. The deed there involved was held invalid because the amounts paid for subsequent taxes were stated merely in gross, but whether these amounts could have been apportioned upon any presumption to be derived from other parts of the deed was not considered. In *Nagle v. Tieperman,* 74 Kan. 53, a somewhat similar deed was involved, but there the taxes upon the several tracts happened to have originally been equal, and the suggestion naturally arose out of that situation that in the absence of anything to indi-

cate the contrary the presumption would be that the equality continued. In *Kessler v. Polkosky*, 81 Kan. 69, although the amounts for which the tracts were sold were unequal, it was held that upon the presumption of continuity the subsequent taxes should be deemed to have accrued against each in the same proportion. In *Van Hall v. Goertz*, ante, p. 142, the principle was applied to a compromise tax deed.

Here the deed states the amount for which each tract was originally sold, and also the amount for which the taxes against it were compromised. It does not recite, however, what part of an amount which was paid as subsequent taxes for one year accrued against each tract. In accordance with the cases cited it will be presumed that the total payment on this account was distributed in the proportion indicated by the original selling prices. That the amounts fixed by the compromise did not bear the same relation to each other will not alter the presumption.

The judgment is reversed and the cause remanded for further proceedings in accordance herewith.