No. 21,853.

F. M. PERKINS, *Appellant,* v. MAY A. BERRY, *Appellee,* et al.

SYLLABUS BY THE COURT.

1. DEFECTIVE TAX DEED—*Quieting Title—Cross Petition Dismissed.*  In a suit to quiet title instituted by the holder of a defective tax deed which is less than five years old, it is not error, as against the plaintiff, to dismiss defendant's cross action to quiet her title, when defendant had not paid nor offered to pay the delinquent taxes which were the basis of the defective tax deed.

2. SAME—*Reimbursement—Quieting Title—Action Premature.*  Reimbursement of an occupying claimant for improvements is not due until a judgment dispossessing him is entered, nor is it error to refuse to adjudicate this matter in a suit to quiet title.   (*Corbin v. Young,* 24 Kan. 198, 201, 202.)

3. SAME—*Tax Deed Not Five Years Old—Judicial Presumptions.*  Until a tax deed is five years old it is not entitled to the aid of judicial presumptions and inferences to remedy its defects, when to indulge them would aid in forfeiting the rights of the landowner.

4. SAME—*Tax Deed Less Than Five Years Old—Rights of Holder.*  The rights of the holder of a defective tax deed which is less than five years old are the statutory assurance that he will be reimbursed for the amount which he has paid for taxes, together with twelve per cent per annum on his investment, if he is deprived of the property covered by his defective tax deed.

Appeal from Cherokee district court; JAMES N. DUNBAR, judge. Opinion filed January 11, 1919. Affirmed.

*R. E. Rosenstein,* of Baxter Springs, for the appellant.

*C. B. Skidmore,* and *F. W. Boss,* both of Columbus, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: The plaintiff held a tax deed to certain town lots. Defendant held the fee title. Plaintiff's tax deed was less than five years old. He brought suit to quiet title. Defendant pleaded certain infirmities in the tax deed. Plaintiff replied, and asked that, if his tax deed was defective, he should be reimbursed as an occupying claimant for improvements made on the property and given a lien on the property therefor and also for the taxes paid by him.

The trial court took judicial notice that the provisions of chapter 162 of the Laws of 1891 (Gen. Stat. 1915, § 11431 *et seq.*), providing that all lands and lots sold for taxes should be bid off by the county treasurer in the name of the county, had been adopted in Cherokee county, where the town lots were situated, and found—

"That said tax deed . . . does not show for whom the said real estate was bid off, and . . . that said tax deed is null and void."

Judgment for costs was awarded to the defendant, and her cross action to quiet her title was dismissed without prejudice—

"For the reason that there is no showing or contention that the taxes for which said property was attempted to be sold, and taxes subsequent thereto, were ever paid, or tendered by said defendant, and the questions therefore involved in said cross-petition are not adjudicated herein."

Plaintiff appeals. His first contention is that the trial court erred in sustaining defendant's "demurrer" to plaintiff's reply. In support of this, he argues that, as defendant had filed a cross petition asking for affirmative relief, he was entitled to have all matters relating to these town lots and the interests of the parties therein settled in one lawsuit.

It is wise and proper to adjudicate in one lawsuit all matters provocative of controversy between the holder of a tax title and the holder of the fee, but sometimes that cannot be done.

Perhaps it was impractical to do so in this lawsuit. Plaintiff had a void tax deed, and consequently could not have his title quieted. Defendant had not paid or offered to pay plaintiff's lien for taxes—perhaps she did not have the money to do so. Plaintiff's suit did not operate to shorten defendant's statutory rights of redemption of the property. But since she was not prepared to pay, she could not recover affirmative relief, except a judgment that plaintiff's tax deed was a nullity, and this was the vital matter put in issue in plaintiff's suit. If plaintiff is in possession as an occupying claimant (Gen. Stat. 1915, § 7530), or if he is in possession under his tax deed (Gen. Stat. 1915, § 11457), he cannot be dispossessed without reimbursement. (*Corbin v. Young,* 24 Kan. 199, 201, 202.)

It is also contended that plaintiff's deed had no such *prima facie* infirmity as to render it void. He contends that the inference should be indulged that the lots were bid off in the name of Cherokee county, since the deed recited that they were bid off by the county treasurer. But it must be borne in mind that until a tax deed is five years old it is not entitled to the aid of presumptions and inferences so frequently invoked by the courts to effectuate justice, to accomplish equitable results. (*Grinstead v. Cooper,* 77 Kan. 778, 95 Pac. 401.) Until a tax deed is five years old, equity leans the other way; it inclines to favor the lawful owner of the property, and all righteous judicial tendencies unconstrained by positive statutes are against forfeitures. Moreover, this is no injustice to persons in plaintiff's situation. The legislature has provided a most liberal compensation for temporary investors in tax titles —twelve per cent per annum on their investments. (Gen. Stat. 1915, § 11457.) Doubtless a sound public policy lies at the foundation of this handsome allowance to tax-title purchasers, since it stimulates promptness in the payment of taxes, but the legislature grants no such liberality on any other monetary advancements.

The record discloses no error, and the judgment is affirmed.