Lyle v. Raynolds.

No. 24,020.

E. F. LYLE and R. W. TURNER, *Appellees,* v. L. D. RAYNOLDS, *Appellant,* et al.

SYLLABUS BY THE COURT.

1. TAX DEED—*Defect in Recitals—Not Called to Attention of Trial Court.* A tax deed cannot be held invalid on appeal, for a defect in its recitals which was not called to the attention of the trial court and upon which its ruling was not invoked.

2. SAME—*Slight Miscalculation of Taxes Due—Will Not Vitiate Tax Deed.* A slight and unintential miscalculation of the amount due for delinquent taxes, interest and costs is not sufficient to vitiate a tax deed issued pursuant thereto.

3. SAME—*Amount of Taxes Due—Facts Shown Insufficient to Compel Setting Aside Tax Deed.* The result of an appellant's computation of the correct amount due for delinquent taxes, interest and costs will not be considered sufficient to overturn a tax deed when the mathematical operation by which such result was reached is not shown, and when it does not appear that any error in computing the amount recited in the tax deed was fairly presented to the trial court.

4. SAME—*Findings of Trial Court.* The evidence considered and held insufficient to require a finding and judgment of the trial court that two items for printer's advertising fees had been erroneously included in the computation of taxes, interest, and costs, for the payment of which the tax deed involved was issued to plaintiffs.

Appeal from Jewell district court; WILLIAM R. MITCHELL, judge. Opinion filed December 9, 1922. Affirmed.

*D. M. McCarthy, W. L. Reynolds,* both of Mankato, and *R. M. Pickler,* of Smith Center, for the appellants.

*D. F. Stanley, R. B. Turner,* and *R. W. Turner,* all of Mankato, for the appellees.

The opinion of the court was delivered by

DAWSON, J.:   This was an action in ejectment by the plaintiff holders of a tax deed against the defendant holder of the fee title and his tenants.   The property involved was one and a fraction town lots in Mankato.

The principal defendant, L. D. Raynolds, filed an answer containing a general denial, and alleging that the plaintiffs went to the county treasurer on August 27, 1920, and "paid illegal, excessive and confiscatory taxes, unlawfully assessed against said real property," and that on August 28, 1920, the county clerk executed and delivered to plaintiffs—

"A purported tax deed . . . without authority of law, purporting to convey . . . said real estate . . . by reason of sale of said property for taxes for illegal, excessive and confiscatory taxes, unlawfully assessed against said premises; . . .

"That said payments so made . . . was voluntary and made wantonly, wilfully and maliciously, for the purpose of distressing this answering defendant and embarrassing him in the enjoyment and use of his said real property and to cloud and defeat his title by a wrongful, wilful and unlawful payment of illegal, excessive and confiscatory taxes, assessed against the real property . . . described . . ."

Accompanying this answer was a cross-petition in which defendant alleged that he was and at all times had been ready, able and willing to pay "all just, lawful and legal charges, assessments, taxes and any and all legal claims . . . lawfully chargeable against the real property" for the year 1914 and subsequent years; and he "hereby offers and tenders to pay the same into court . . . to the full amount . . . and asks that the same be found and determined by the court."   He also alleged that plaintiffs' tax deed

was null and void and a cloud on his title, and prayed for judgment to that effect.

Plaintiffs prevailed, and the principal defendant appeals.

The first point urged upon our attention is that the tax deed was void on its face because it did not recite that the property was bid off by the county treasurer *for the county.* As this tax deed was only a few months old when this action was begun, that defect under our precedents might have been serious (*Jackson v. Mc-Carron,* 77 Kan. 776, 95 Pac. 402; *Perkins v. Berry,* 104 Kan. 104, 177 Pac. 530); but it is quite clear that no such issue was raised by the pleadings; and plaintiffs quote excerpts from the transcript which demonstrate that this particular infirmity in the recitals of the tax deed was not called to the attention of the trial court, and of course this court cannot say that the trial court erred on a point upon which its ruling was never invoked. (*Robbins v. Brower,* 74 Kan. 113, 116, 85 Pac. 815.)

In *John v. Young,* 74 Kan. 865, 867, 86 Pac. 295, another deed case, it was said:

"It is claimed the description contained in the deed is defective, but nowhere in the pleadings is the description assailed, and the conduct of the trial court cannot be questioned concerning matters not submitted to it for decision."

In *Vogler v. Stark,* 75 Kan. 831, 89 Pac. 653, it was said:

"The fact that the deed did not state the residence of the grantee was not submitted to the district court, and only such questions as were decided by that court can be reviewed here. In his pleading plaintiff points out specifically the supposed defects in the tax deed, and this was not one of them. There can be no reversal upon a question upon which there was no ruling in the district court."

(See, also, *Crebbin v. Wever,* 71 Kan. 445, 80 Pac. 977; and *Kelly v. Insurance Co.,* 101 Kan. 636, 168 Pac. 686.)

An objection urged against the tax deed in the trial court was that the recital of taxes, interest and costs due and unpaid was for $134.58 and that it was bid off by the couty treasurer for *said* sum of $134.54,—"a variance between the amount of taxes assessed and claimed to be due at the time the property was offered for sale and a different amount being bid by the county treasurer in his bid for the county." When counsel for defendants had urged that defect on the trial court's attention, the record reads:

"By the Court: Are you through?"
Counsel for Defendants: "Yes."
"By the Court: Objection overruled."

It has repeatedly been held that a slight and unintentional miscalculation of the amount of taxes, interest and costs included in a tax deed will not vitiate it. (*Ireland v. George,* 41 Kan. 751, 21 Pac. 776.)

In *Troyer v. Beedy,* 79 Kan. 502, 503, 100 Pac. 476, the tax sale certificate pusuant to which the tax deed was issued was for $26.10, while the exact sum then due was $26.147, and should have been entered as $26.14 or $26.15. This court said:

"Therefore the difference, presumably at least, was occasioned by an error in computation or in carrying out the figures. It would seem that in a total of the amount here involved an unintentional variation of less than five cents might under any circumstances be disregarded in accordance with the rule requiring the ignoring of trifles. At all events the rule should be applied here."

Another point urged against the validity of the tax deed is now sought to be made by presenting the result of defendants' calculation of what the legal charges should have been, but the mathematical operation from which this result is reached is not shown, and it does not appear that this point was urged at the trial. Therefore it cannot be considered in this appeal.

A final contention is that there was included in the sum for which the tax deed was issued two items of twenty cents each for advertising the lots in the delinquent tax list. Quite a persuasive showing was made to the effect that the printer's affidavit required by section 11411 of the General Statutes of 1915 had not been lawfully included in the amount for which the lots were sold and conveyed to plaintiffs by the tax deed. The substance of this showing was the testimony of the county clerk and other county officials and deputies that no pertinent affidavit of printer's fees could be found. The statute provides (Gen. Stat. 1915, § 11425) that "the county treasurer shall file with the county clerk all affidavits, notices of papers or reference to such tax sale, to be preserved by him." The county treasurer testified that he did not remember whether he had complied with that statute or not. The county clerk testified that he could not find the printer's affidavit in his office vault, but he also testified that it "may be down in the vault below, underneath, which is locked up and we have to get Mr. Pease to get in and get it, the vault, the combination is in shape that we can't get in." In view of this uncertain state of the testimony, and giving due regard to the presumption that officials do their duty in conformity with the law, and considering also the recitals in the tax deed that—

"The said unredeemed real property having been advertised and notice given that it would be conveyed unless redeemed by a certain day named, said advertisement and notice having been made in substantial conformity with all the requisitions of the statute in such case made and provided,"

it cannot be said that the trial court erred in refusing to find that the twenty-cent items for advertising had been improperly included in computing the sum lawfully chargeable against the property.

The other matters urged in defendants' behalf have been carefully noted, but no plain, palpable error made by the trial court can be discerned, and therefore its judgment must stand.

Affirmed.