W. D. MARTIN *et al.* v. B. F. GARRETT *et al.*

1. TAX DEED — *Harmless Irregularities.*   A tax deed need not be in the
   exact form prescribed by the statutes. A slight or unimportant de-
   parture from the statutory form will not invalidate the tax deed or
   render it void upon its face.

2. ———— *Not Void upon Face.*   Where a tax deed was executed in
   1875, in pursuance of a tax sale made in 1872 for the taxes of 1871,
   and in pursuance of the subsequent taxes paid for the years 1872,
   1873, and 1874, and the aggregate amount of these taxes as paid is
   not as much as the amount of the consideration expressed in the tax
   deed, but, with all the lawful penalties, costs and interest which may
   properly be added to them, their aggregate amount might be greatly
   more than such expressed consideration, *held*, that the consideration
   as expressed in the tax deed will not render such tax deed void upon
   its face.

3. ———— *Not Void.*   And where such tax deed also shows that the
   costs of the making and recording of the tax deed were also placed

in the deed as a part of the consideration, *held*, that such deed will not be considered as void for such reason after the five-years statute of limitations has fully operated in its favor.

4. ———— *Not Void upon Face.* Where such tax deed, which was executed to an assignee of the original tax-sale purchaser, recites that the subsequent taxes were "paid by the purchaser as provided by law," and some of such taxes were not due until after the purchaser had assigned his tax-sale certificate, and were probably paid by the assignee, *held*, that the tax deed will not for that reason be held to be void upon its face.

*Error from Osage District Court.* ·

EJECTMENT by *W. D. Martin* and D. M. Cooper against *B. F. Garrett,* Anna Garrett, and Louis Shutz and wife. On a judgment overruling plaintiffs' demurrer to the answer, they bring error.

*D. M. Cooper,* and *Pleasant & Pleasant,* for plaintiffs in error:

Suppose all the defense to be well pleaded: then it is no defense to the petition, because the statute will not run unless the defendants have a good tax deed; but this deed is void on its face. As to the statute running in favor of a void deed, see *Shoat v. Walker,* 6 Kas. 65; *Sapp v. Morrill,* 8 id. 677; *Hubbard v. Johnson,* 9 id. 634; *Waterson v. Devoe,* 18 id. 223; *Hall's Heirs v. Dodge,* 18 id. 277; *Larkin v. Wilson,* 28 id. 515. One reason why this deed is void is because it is not substantially in the form prescribed. Our statute says, "said deed shall be substantially in the following form," and if a party take a tax deed which is not substantially in that form it is as fatal as would be a departure from any other rule prescribed by law. One of the highest authorities says: "But where the statute prescribes the particular form to be observed in the execution of the deed, that form becomes substance, and must be strictly pursued, or the deed will be held void." Blackw. Tax. Tit., 2d ed., 368; *Monson v. Chester,* 22 Pick. 385; *Commonwealth v. Stockbridge,* 11 Mass. 279; 10 Mass. 394.

In looking through this deed, it will be observed that it differs from the statutory form in about 20 places, and that it

adds in one single place the words, "and the accrued interest, cost of advertising, and making and recording tax deed." If it should be said that all this is not a substantial departure from the prescribed form, then how much difference could there be between a deed and the form and it still be the same? When we once leave the plain words of the statute, and say that this, that or the other deed will do, where are we to stop? See Blackw. Tax Tit., 2d ed., from page 57 to 64, where this subject is discussed.

In *Mack v. Price*, 35 Kas. 145, this court, while holding some immaterial omissions not fatal, says: "There is no doubt that the form of a tax deed prescribed by the statute must be substantially pursued or the deed will be invalid. But all the terms of the deed must be considered, and if everything substantially required by the statute, as to form, is found in the deed, the deed will be *prima facie* valid, although some immaterial words are omitted therefrom." This tax deed also shows on its face that the consideration was too large. The land was sold for $29.19. The subsequent taxes amounted to $112.88, and the consideration of the deed is $268.02. This is fatal to the tax deed. See 2 Blackw. Tax Tit., last ed., §§ 776, 790; 56 Cal. 527; 54 id. 522. No presumptions of regularity can exist where the face of proceedings shows clearly to the contrary. 2 Blackw. Tax Tit., §§ 1105–1108.

Another reason why this deed is void on its face is, it shows that at the time it was made the consideration was partly illegal, as the making and recording of the tax deed are both included. Blackw. Tax Tit., 2d ed., 380; 11 How. 414. It is fair to presume that the consideration expressed in the deed appeared on the tax-rolls as a charge against the land sold. We insist that the county clerk or treasurer, or either of them, had no right to place either of such charges, the making or recording, against the land, and that this is the law, whether we do or do not presume that the treasurer found these charges upon his books.

It may be urged that the fees for making and recording the

deed are too small to be material, and fall within the maxim *de minimis non curat lex.* But first, that maxim does not apply to tax sales; 24 Kas. 309, and cases there cited; and second, that if this maxim did apply, the amount here is too large to fall within the maxim. "If a sale of land for delinquent tax is made for a sum in excess of the tax and the legal costs, the sale is void, unless the excess is less than the smallest fractional coin authorized by law." *Treadwell v. Patterson,* 51 Cal. 637; Cooley, Tax. 497, and authorities cited. The recitals in a tax deed are presumptively true. *Thweatt v. Black,* 30 Ark. 732; *Hobson v. Dutton,* 9 Kas. 497, cited in Cooley, Tax. 515. "A deed showing an illegal sale must be void." *Magill v. Martin,* 14 Kas. 81. "The deed must state the exact truth, and must always show a legal sale, or the deed will be void." *McCauslin v. McGuire,* 14 Kas. 249, subdivision 6.

This land was purchased at a tax sale by James Mabon, of Osage county, and on May 20, 1874, he assigned the certificate "and all his right, title and interest to said property to J. D. Vawter, of Shawnee county. The deed says the taxes of 1874 were paid by the "purchaser." Mabon was the "purchaser," and had assigned "all his right, title and interest" before taxes of 1874 were payable, and what he paid after becoming a stranger to the land could not be charged up in favor of his assignee, Vawter. The taxes of 1874 could not have been included unless they had been paid by Vawter, which the deed shows was not done. If Vawter paid these taxes, the form of the deed should have been varied enough to make it speak the truth. *Magill v. Martin,* 14 Kas. 67; also 14 id. 249, above cited. There are no equities in favor of the holder of a tax deed. He gets an exorbitant rate of interest, and pay for all improvements, whether desired by the real owner or not. This ought to satisfy any reasonable person; but if they rely on the letter of the bond, as they have a legal right to do, it must be strictly construed. 139 U. S. 151.

*J. H. Stavely*, for defendants in error; *A. J. Utley*, of counsel:

In support of their position, plaintiffs cite authorities which are not in point because of differences in tax laws and of circumstances governing each case. It is not the law of this state that "where the statute prescribes the form of a tax deed, the form becomes the substance, and must be strictly pursued," as stated by plaintiffs; but it has been repeatedly decided by this court that a substantial conformity to the statutory form is all that is required. 6 Kas. 323; 9 id. 632; 12 id. 381, etc. Also see § 138, Tax Law. Also on this point, in other states, see 6 West. Rep. 454; 6 id. 681; 5 id. 378; 4 South. Rep. 189.

In this case the statutory form has been substantially followed, and all the essentials of a valid tax deed have been set forth with sufficient definiteness and accuracy to meet the requirements of the statute. No deed can be void on its face when it shows a substantial compliance with the law. Mere variations from the statutory form, such as the omission of the word "in" from the description (32 Kas. 584); the using of the word "named" for "made" (6 Kas. 311), or "as provided by law" for "as provided by the act of which this is amendatory" (6 Kas. 311); or omitting the word "remaining" in the clause, "the taxes, etc., remaining unpaid" (38 Kas. 257), or "at public auction" (32 Kas. 598), or the word "several" from before "tracts" in the deed (32 Wis. 478), or omitting the year in which the land was sold (48 Wis. 588), or omitting the name of the county and state (11 Wis. 442), or omitting the date entirely (53 Wis. 504), do not invalidate a deed. Misrecitals in a deed do not always make it void on its face; for example, where the officer who executed the deed described himself improperly (49 Wis. 291; 30 N. W. 713); where the proper name of the county was not used, the description otherwise being plain (32 Wis. 478); where the recital was that H. T., the grantee, was the purchaser at the tax sale, while the face of the deed shows that he was not such purchaser, but was assignee of such purchaser (32 Wis. 478);

where the recital shows a sale made at a time not authorized by law (21 Ark. 370; 27 Iowa, 160; 26 id. 474; 36 Wis. 308; 93 U. S. 387); where the consideration was not correctly given (6 Kas. 311; 29 id. 196; 55 N. Y. 250). In none of these cases were the misrecitals fatal to the deed, but were considered, as the supreme court of Wisconsin expresses it, "harmless errors."

The greatest variance complained of by plaintiffs is the addition of the words, "and the accrued interest, cost of advertising and making and recording tax deed." This court has decided, in 35 Kas. 196, that the consideration in a tax deed should include the amount of tax paid, with interest and costs. Sec. 84, chap. 107, Gen. Stat. 1868, under which this property was sold, provides, that "the sale shall be for an amount sufficient to pay the taxes and charges thereon, including the costs of advertising and the fees for selling." Section 110 of the same statute provides for a publication of a list of unredeemed lands, and says "such advertising shall be charged in the cost of the deed given to the purchaser." Section 117 of this chapter provides, "before a successful claimant shall be let into possession, he must pay the full amount of all taxes paid on such lands, with interest and costs as allowed by law up to the date of said tax deed, including the cost of such deed and the recording of the same," etc.

The county clerk in preparing this deed properly included in the consideration the accrued interest, the cost of advertising, and the cost of making the tax deed. It was not necessary that the various items included in making up the consideration should be specifically itemized in the deed, but because they have been so set forth it will not avoid the deed. As to the item recording tax deed, if it was included in computing the amount of the consideration named in the deed, it is still immaterial. The consideration named in the deed is not conclusive. It may or may not have included the cost of recording the deed. Even if it was included, it is no more than the claimants would have been compelled to have

paid to the tax-deed holder had there been any offer to redeem the land within the statutory limit. This court, in *Bowman v. Cockrell*, 6 Kas. 325, says "it is immaterial whether the blank be filled with the right sum or with a less amount."

The allegation in plaintiffs' brief, that the deed shows on its face that both these charges were included in the amount to the treasurer paid as aforesaid, is not supported by any evidence whatever, not even by the tax deed. The recital that the taxes for 1874 were paid by the purchaser, when the deed shows that the purchaser (Mabon) had, previous to the time the taxes for 1874 became due, assigned the certificate of sale to Vawter, to whom the deed was issued, does not invalidate the deed. In the eyes of the law, when Vawter bought the certificate of sale from Mabon, he (Vawter) became the purchaser. After pleading for a strict construction of the law and a literal following of the form given in the statute, it was not wise to suggest, "If Vawter paid these taxes, the form of the deed should have been varied enough to make it speak the truth," for the deed in its wording in this particular follows the form given in the statute. At the most that is a harmless mistake, and one which corrected itself. 32 Wis. 478.

The opinion of the court was delivered by

VALENTINE, J.: This was an ordinary action in the nature of ejectment and for rents and profits, brought in the district court of Osage county on July 19, 1888, by W. D. Martin and D. M. Cooper against B. F. Garrett, Anna Garrett, Louis Shutz and wife, for the recovery of the southwest quarter of section 9, in township 15, range 17, in said county. The answer of Shutz and wife was simply a general denial, and that they were the tenants of B. F. Garrett. The answer of the Garretts, who were husband and wife, was, first, a general denial; second, that they held and owned the property and had been in possession thereof for more than five years under a duly-recorded tax deed; and, third, that they held and owned the property under a decree quieting the title

in their grantors. The plaintiffs replied to the third defense, claiming that the decree quieting the title was without jurisdiction, and void; and they demurred to the second defense, upon the ground that it did not state facts sufficient to constitute a defense, which demurrer the court overruled, and the plaintiffs standing upon their demurrer, judgment was rendered in favor of the defendants and against the plaintiffs for costs; and the plaintiffs, as plaintiffs in error, bring the case to this court for review.

The second defense of the defendants Garrett reads as follows:

"Defendants B. F. Garrett and Anna Garrett, for second answer, say: That at the time this suit was commenced said defendants were in the actual possession of the premises in plaintiffs' petition described, and had been for more than five years prior to the commencement of this action in the continuous and uninterrupted possession of said described premises, under and by virtue of a certain tax deed to said premises made, acknowledged and delivered to one J. D. Vawter, and his assigns, under and from whom these defendants have possession and title to said premises, which said tax deed is dated May 10, 1875, and was duly filed for record in the office of the register of deeds of Osage county, Kansas, on May 20, 1875, and recorded in tax deed record 'A,' on page 225, in said office. A copy of which said tax deed is hereto attached, marked 'exhibit A,' and made a part hereof. And that if said plaintiffs ever had any cause of action against said J. D. Vawter, or these defendants, that the same was, at the commencement of this suit, and also at the time mentioned in paragraph 1 of plaintiffs' petition, completely barred by section 141 of the tax laws of 1876 (Compiled Laws of Kansas, 1885, ch. 107, § 141), because this action was not commenced within five years from the time of recording the said tax deed."

It appears from the tax deed that it was executed on May 10, 1875, upon a tax sale made May 8, 1872, for the taxes of 1871, amounting to $29.19, and the subsequent taxes which had been paid for the years 1872, 1873, and 1874, amounting to $112.88; and the tax deed was recorded on May 20, 1875. The principal objection urged by the plaintiffs against the tax

deed is to that portion of the tax deed which reads as follows:

"Now, therefore, I, Wm. Y. Drew, the county clerk of the county aforesaid, for and in consideration of the sum of $268.02, taxes, costs and interest due on said lands for the years 1871 to 1874 inclusive, to the treasurer paid as aforesaid, and the accrued interest, cost of advertising and making and recording tax deed, and by virtue of the statute in such case made and provided, have granted, bargained, and sold, and by these presents do grant, bargain, and sell, unto the said J. D. Vawter, his heirs and assigns, the real property last hereinbefore described, to have and to hold unto him, the said J. D. Vawter, his heirs and assigns forever, subject however to all rights of redemption as provided by law."

The only question which we need to consider in this case is, whether the tax deed in dispute is void upon its face, and so absolutely and utterly void that it could not be made good or be cured by the operation of the five years' statute of limitations enacted for the cure of defective tax deeds, and by more than five years' continuous possession of the property under the tax deed. Such statute of limitations is contained in § 141 of the tax law of 1876, which reads as follows:

"SEC. 141. Any suit or proceeding against the tax purchaser, his heirs or assigns, for the recovery of lands sold for taxes, or to defeat or avoid a sale or conveyance of lands for taxes, except in cases where the taxes have been paid or the land redeemed as provided by law, shall be commenced within five years from the time of recording the tax deed, and not thereafter."

The limitation contained in § 116 of the tax law of 1868 is precisely the same, except that it is only two years instead of five.

It is first claimed that the tax deed is void upon its face for the reason that it is not in the exact form prescribed by the statutes. But the statutes do not prescribe any inflexible or unvarying form for tax deeds. It was decided by this court, as early as 1870, as follows:

"A tax deed is not void upon its face by reason of slight irregularities. The statute does not require that a tax deed

shall be in the exact form prescribed by the statute, but only substantially in that form." (*Bowman v. Cockrill*, 6 Kas. 311, 324, 325.)

And this decision has ever since been followed. A slight or unimportant departure from the statutory form of a tax deed will not invalidate the tax deed or render it void upon its face.

It is also claimed that the stated consideration for the tax deed is excessive. Now, even if this were true, the tax deed does not show it upon its face. The tax deed was for the taxes for the years 1871, 1872, 1873, and 1874, and for all lawful penalties, costs and interest thereon up to the date of the execution of the tax deed. The amount of the taxes for the year 1871 is shown; also the aggregate amount of the taxes for the three years 1872, 1873 and 1874 is shown, but all without the penalties, costs and interest thereon; and what the separate taxes for any one of these three years were, or what the penalties, costs or interest thereon were, is not shown. The bulk of the aggregate amount of the taxes paid for these three years may have been paid for and in the year 1872, and may then have drawn interest at the rate of 50 per cent. per annum up to the date of the tax deed, which was executed in 1875. (Laws of 1869, chapter 122.) Hence the real consideration for the tax deed may have been largely more than that expressed in the tax deed.

It is further claimed that the tax deed shows that the costs of the making and recording of the tax deed were placed in the tax deed as a part of the consideration therefor. If this were true, we would think it would be erroneous; but it cannot make any difference whether it is true or not in this case. The plaintiffs and their grantors never offered to redeem the land from the taxes, but they permitted the parties claiming under the tax deed to hold the property for more than five years, without any offer from them to redeem it from the taxes, and if they should now recover the property they would have to pay the costs of the tax deed and for recording the same. (Tax Law of 1868, § 117; Tax Law of 1876, § 142.) Indeed, the

tax deed had been executed and recorded more than 13 years when this action was commenced, and it does not appear that any offer was ever made to redeem the land from the taxes.

Still another question is presented by the plaintiffs. It appears that James Mabon was the purchaser of the land in controversy at the tax sale in 1872, and he assigned his tax-sale certificate to J. D. Vawter on May 20, 1874, and the tax deed, which was executed and recorded in 1875, recites that the taxes for the years 1872, 1873 and 1874 were "paid by the *purchaser*, as provided by law." Now the taxes of 1874 were not due when the assignment was made, and they were probably paid, when they became due, by the assignee of the purchaser; but whoever may have paid them, they were evidently paid for the benefit of the holder of the tax-sale certificate, and the recital in the tax deed, *which was in exact conformity with the form prescribed by the statute,* whether strictly accurate or not, will not render the tax deed void under the facts of this case. While the plaintiffs claim that the form prescribed by the statute for tax deeds should have been strictly followed in all the other cases, yet they claim that it should not have been followed in this particular instance, and possibly it should not. But the statute further provides, that no "mere irregularity of any kind in any proceeding shall invalidate any such proceeding or the title conveyed by the tax deed." (Tax Law of 1868, § 113; Tax Law of 1876, § 139.) See also the sections of the statutes heretofore cited.

The judgment of the court below will be affirmed.

All the Justices concurring.