ROZI HAVEL v. THE DECATUR COUNTY ABSTRACT COMPANY.

No. 15,163.   (91 Pac. 790.)

SYLLABUS BY THE COURT.

1. TAX DEED—*Recorded Five Years—Statutory Recitals—Construction.* A tax deed which has been recorded more than five years and under which the purchaser and his grantee have since its issuance been in the actual, continuous possession of the land, making valuable improvements thereon, will not be held void on its face by reason of not being in the exact form prescribed by the statute, provided all the essential facts prescribed in the statutory form are, by a fair construction of the language of the deed, therein recited.

2. ———— *Residence of Purchaser.* The residence of the purchaser who is named in a tax deed and who is not fictitious is not, in a legal sense, a recital therein, and the omission thereof will not render the deed void upon its face.

Error from Rawlins district court; ABEL C. T. GEIGER, judge. Opinion filed July 5, 1907. Reversed.

*J. P. Noble*, for plaintiff in error.

*Dempster Scott*, for defendant in error.

The opinion of the court was delivered by

SMITH, J.: The plaintiff in error brought suit in the district court of Rawlins county to quiet her title to a tract of land which she claimed to own in that county. The defendant abstract company answered denying

the plaintiff's title, and set up a mortgage on the land and asked a foreclosure thereof.

At the trial it developed that the plaintiff's title rested upon a tax deed issued to C. F. McGrew more than five years before the commencement of the suit. The court adjudged the tax deed void, allowed the plaintiff a first lien for taxes paid and awarded the defendant a second lien for the amount of its mortgage, and ordered a foreclosure and sale of the land to satisfy the liens. The plaintiff brings the case here.

As was said in the brief of each party, the only question in this case is whether the tax deed is void upon its face. If the deed is void, the judgment should be affirmed; otherwise, the plaintiff is entitled to all the relief prayed for in her petition and the defendant is entitled to nothing.

The deed was duly acknowledged and was duly recorded on the day following its issuance. The court found that the plaintiff and her immediate grantors had been in the actual possession of the land from the date of the deed to the time of the trial, and had paid all the subsequent taxes and had made valuable improvements thereon. The tract of land in question is the southeast quarter of section 17, in township 3, of range 32, in Rawlins county. The tax deed was offered in evidence and on objection was excluded as void upon its face. Omitting the acknowledgment and certificate of filing and recording it reads:

"Know all men by these presents: That whereas, the hereinafter described tracts or pieces of ground situated in the county of Rawlins and state of Kansas were subject to taxation for the year A. D. 1894; and whereas, the taxes assessed upon said respective tracts and pieces of real property, for the year aforesaid, remained due and unpaid at the date of the sale hereinafter mentioned; and whereas, the treasurer of said county did, on the 3d day of September, A. D. 1895, by virtue of the authority in him vested by law, at (an adjourned sale of) the sale begun and publicly held on the first Tuesday of September, A. D. 1895, expose

to public sale at the county seat of said county in substantial conformity with all the requisitions of the statute in such case made and provided each of said tracts and pieces of ground separately for the payment of the taxes, interest and costs, then due and remaining unpaid upon said tracts and pieces of ground respectively; and whereas, at the place aforesaid, said tracts and pieces of ground could not be sold for the amount of taxes and charges thereon, and was, therefore, bid off by the county treasurer for said county, for the whole amount of taxes and charges then due thereon; the said amount being herein stated as follows; to wit:

"The SE¼ of Sec. 1, Town. 1, Range 31, for $20.46.
The NE¼ of Sec. 12, Town. 1, Range 32, for $13.57.
The NE¼ of Sec. 10, Town. 1, Range 35, for $19.76.
The E½ NE¼ of Sec. 9, Town. 2, Range 32, for $5.42.
The SW¼ of Sec. 25, Town. 2, Range 32, for $21.70.
The NE¼ of Sec. 20, Town. 2, Range 34, for $12.45.
The SW¼ of Sec. 15, Town. 2, Range 36, for $10.80.
The SE¼ of Sec. 17, Town. 3, Range 32, for $9.83.
The SW¼ of Sec. 24, Town. 4, Range 31, for $19.02.

"And whereas, for the sums of

"$30.65 for the SE¼ of Sec. 1, Town. 1, Range 31, and
$20.22 for the NE¼ of Sec. 12, Town. 1, Range 32, and
$29.46 for the NE¼ of Sec. 10, Town. 1, Range 35, and
$8.13 for the E½ NE¼ of Sec. 9, Town. 2, Range 32, and
$32.55 for the SW¼ of Sec. 25, Town. 2, Range 32, and
$18.65 for the NE¼ of Sec. 20, Town. 2, Range 34, and
$16.20 for the SW¼ of Sec. 15, Town. 2, Range 36, and
$14.70 for the SE¼ of Sec. 17, Town. 3, Range 32, and
$28.50 for the SW¼ of Sec. 24, Town. 4, Range 31,

aggregating the sum of one hundred ninety-nine dollars and six cents, paid to the treasurer of said county, on the 7th day of December, A. D. 1898, the said treasurer did give to C. F. McGrew, certificate of that date, as in such case provided by law, for and concerning said property, and the county clerk of said county did on the same day duly assign to the purchaser aforesaid the said certificate of sale, and all the interest of said county in said property;

"And whereas, three years have elapsed since the date of said sale, and the said tracts or pieces of ground have not been redeemed therefrom as provided by law;

"Now, therefore, I, Frank Johnson, county clerk of the county aforesaid, for and in consideration of the sum of one hundred ninety-nine dollars and six cents, taxes, costs and interest due on said land for the year

A. D. 1894, by him to the treasurer paid as aforesaid, and by virtue of the statute in such case made and provided, have granted, bargained and sold, and by these presents do grant, bargain and sell unto the said C. F. McGrew, his heirs and assigns, the real property hereinbefore described, to have and to hold, unto him, the said C. F. McGrew, his heirs and assigns, forever; subject, however, to all rights of redemption provided by law.

"IN WITNESS WHEREOF, I, Frank Johnson, county clerk as aforesaid, by virtue of authority aforesaid, have hereunto subscribed my name and affixed the official seal of said county, on this 7th day of December, A. D. 1898.

· 50c. I. R. S.    FRANK JOHNSON, *County Clerk.*" affixed to document.    (SEAL.)

The deed does not literally follow the form prescribed by the statute, and mainly for this reason it is reproduced here. It does not follow that the deed is void because not in the exact statutory form, but to sustain it we must find therein all the essential statutory requirements. (*Martin v. Garrett,* 49 Kan. 131, 30 Pac. 168.) The objections to the deed are set forth in the following conclusions of the court, to wit:

"(5) The deed fails to describe any property taxed. It describes only property which was sold.

"(6) The deed is for a large number of tracts, and fails to state the amount of tax, interest and penalty for which each separate tract is sold and conveyed, and the sums or amounts which are given do not, when computed, make the gross or aggregate consideration of the deed.

"(7) None of the several tracts is so numbered or marked in any way that reference can be made thereto.

"(8) The county and the state of the residence of the assignee, C. F. McGrew, does not appear in the deed.

"(9) The interest of the county in all the various tracts was conveyed in one certificate.

"(10) The lands were not severally and separately taxed.

"(11) The lands were not severally and separately sold.

"(12) The lands were not severally and separately

bid off by the county treasurer for the county, but were by him bid in one bunch at one time.

"(13) No sufficient separate consideration is given for each of the several tracts in the deed, nor for the tract involved in this case.

"(14) The consideration charged for the tract in question appears to be in excess of the amount legally chargeable for the certificate given to the assignee, C. F. McGrew, and assigned to him by the county clerk.

"(15) Said deed contains several separate tracts of land and the same were not purchased at any tax sale."

A comparison of the language of the deed with the form prescribed by the statute (Gen. Stat. 1901, § 7676) shows conclusion No. 5 to be very technical. The prescribed form has the description of the land subject to taxation at the beginning of the deed, and the land sold is thereinafter referred to as "the real property above described." In this deed the land subject to taxation is described as "the hereinafter described tracts or pieces of ground," and the land sold is fully thereinafter described. One way of describing the land is as definite as the other, and neither can lead to mistake.

Conclusion No. 6, except so far as it evinces a mistake in computation by the court, is evidently based upon the statutory form where taxes paid subsequently to the sale form a part of the consideration for the deed, which is not the case here.

The omission noted in conclusion No. 7 would occur had the statutory form been literally followed.

As stated in conclusion No. 8, the deed does not give the residence of the assignee of the certificate, who is also the grantee, although the statutory form leaves a blank for that purpose. The mention of the county in which the purchaser resides, however, hardly amounts to one of the recitals of a tax deed in any strict sense.

"A recital in a deed is defined to be the setting down or report of something done before, or, more specific-

ally, the narration of the previous agreements or matters of fact upon which the transaction is founded." (24 A. & E. Encycl. of L. 57.)

The residence of the purchaser has no relation to the tax proceedings—does not affect them in any way. Moreover, the prescribed form does not contemplate a statement that the purchaser is a resident of a certain county. The recital of fact is that the assignment was made to a certain person, who is indicated by his name and residence. The reasonable conclusion seems to be that the legislature in preparing a form for such conveyances merely conformed to the general practice of conveyancers of adding to the name of the grantee the county and state of his residence—that the reference thereto was intended merely as a part of the designation of the purchaser and not as an independent fact essential to the validity of the deed. Although the blanks left for the residence follow the ones left for the names of the original purchaser and his assignee, not that left for the grantee of the deed, this is plainly because in the orderly recital of the proceedings the name of the grantee is first stated in connection with the sale of the land or the assignment of the certificate, and naturally provision is made for the addition of the county and state of his residence where his name is mentioned for the first, rather than for the last, time.

It is worthy of mention that in *Dodge v. Emmons*, 34 Kan. 732, 9 Pac. 951, as well as in *Edwards v. Sims*, 40 Kan. 235, 19 Pac. 710, a tax deed was upheld which was set out in full in the opinion and did not state the residence of the assignee, or grantee. The point here urged was not raised in either of those cases, and therefore they do not amount to authorities upon the proposition, but the fact that the obvious omission was not made a ground of attack affords some indication that the view here announced was regarded by a part of the profession as too plainly correct for serious challenge.

A somewhat similar question has been raised under an earlier statute. The statutory form of tax deed formerly contained the word "witnesses" opposite the signature of the county clerk. (Comp. Laws 1862, ch. 198, § 10.) It was contended in *McCauslin v. McGuire*, 14 Kan. 234, that this amounted to a requirement that the clerk's signature should be attested by "witnesses" —that is, by at least two persons, but the contention was denied upon a full discussion. The same conclusion was stated in the last paragraph of the syllabus in *Stebbins v. Guthrie*, 4 Kan. 353.

It is difficult to conceive how the statement of the assignee's residence could be of any benefit to any person claiming an interest in the land or how the omission thereof could be prejudicial to him, any more than the omission of the residence of the maker from a promissory note. However, if it were really a recital or if the statute specifically required it to be stated it should be held essential. The omission is as to a mere matter of form, and, not being prejudicial, will be disregarded.

Conclusion No. 9 simply points out an irregularity in the certificate that does not render the tax deed void upon its face.

Conclusions Nos. 10, 11, 12, 13 and 15 seem to be in direct contradiction of the recitals in the deed.

As to conclusion No. 14, a computation shows that the amount charged against the tract is about twenty cents in excess of the amount for which it was bid in by the county treasurer, with interest to date of the deed. Legal fees could easily cover this discrepancy.

We conclude that the tax deed is not void upon its face, and hence the plaintiff is entitled to the relief prayed for. The judgment is reversed and the case is remanded, with instructions to enter judgment for the plaintiff in accordance with the views herein expressed.