CHARLES E. GIBSON, *Appellee*, v. GEORGE BRANSTOOL, *Appellant*.

No. 16,384.

SYLLABUS BY THE COURT.

1. COUNTIES—*Purchase at Tax Sale—Disposition of Land Not Redeemed in Three Years.* Where a county adopts the provisions of chapter 162 of the Laws of 1891 (Gen. Stat. 1901, §§ 7659-7661), and land is taken for the county thereunder and remains unredeemed for three years or more, the county commissioners may dispose of it for less than the legal charges against it, or it may be conveyed to any person who offers to pay the legal charges due thereon without the intervention of the county commissioners.

2. TAX DEEDS—*Time of Execution after Assignment of Certificate.* Where such land is disposed of for a sum less than the legal charges due thereon, then, under the provisions of section 7672 of the General Statutes of 1901 (Laws 1893, ch. 110, § 4), six months must intervene between the date of the assignment of the certificate and the execution of the deed, but not otherwise.

3. ——— *Consideration—Separate Statements of Selling Price and Subsequent Taxes.* Where a county held land taken under this law for more than three years the certificate was assigned to a purchaser for the full amount of legal charges against the land, and a tax deed was executed therefor on the same day. From the recitals in the tax deed it appeared that the amount of consideration received for the deed consisted of the amount of the original sale, with interest to the date of the deed, and the amount of the subsequent taxes, with interest to the same date, which amounts were separately stated, instead of being named as one lump sum, as contemplated by the statutory form of deed. *Held,* that this irregularity does not make the deed void.

Appeal from Decatur district court; WILLIAM H. PRATT, judge.   Opinion filed March 12, 1910.   Reversed.

*J. E. Peters*, and *Langmade & Caster*, for the appellant.

*Fred Robertson*, for the appellee.

The opinion of the court was delivered by

GRAVES, J.:  This is an action of ejectment, commenced by Charles E. Gibson in the district court of Decatur county to recover the possession of the land in controversy.   The defendant, George W. Branstool, -was in the actual possession of the land, and had been in possession thereof for more than three years prior to the commencement of this action.   The rent for these three years is worth the sum of $50.   The defendant has paid as taxes on the land the sum of $281.42.   The plaintiff holds the patent title and claims ownership thereunder.   The defendant claims under a tax deed which was executed September 2, 1899.   It was therefore recorded more than five years before the action was commenced.

The only question involved is the validity of the tax deed.   The case was tried to the court without a jury. Special findings of fact and conclusions of law were filed by the court.   The tax deed reads:

"KNOW ALL MEN BY THESE PRESENTS:   That whereas the following-described real property, viz., southeast one-fourth of section twenty-one (21), township four (4) south, range twenty-eight (28) west of the 6th P. M. in Kansas, situated in the county of Decatur and state of Kansas, was subject to taxation for the year A: D. 1893; and whereas the taxes assessed upon said real property for the year aforesaid remained due and unpaid at the date of the sale hereinafter mentioned; and whereas the treasurer of said county did on the 4th day of September, A. D. 1894, by virtue of the authority in him vested by law, at Oberlin, Kan., the sale begun and publicly held on the first Tuesday of

September, A. D. 1894, expose to public sale, at the county seat of said county, in substantial conformity with all the requisitions of the statutes in such cases made and provided, sell the real property above described for the payment of the taxes, interest and costs then due and remaining unpaid upon said property; and whereas, at the place aforesaid, said property was bid off by the county treasurer for said county for the sum of six dollars and 27 cents, the whole amount of taxes and charges then due; and whereas, for the sum of ten dollars and 92 cents, paid to the treasurer of said county on the 2d day of September, A. D. 1899, the county clerk did assign the certificate of sale of said property, and all the interest of said county in said property, to said Dan Caster, of the county of Decatur and state of Kansas; and whereas the subsequent taxes for the years 1894, 1895, 1896, 1897, amounting to the sum of $35.78, have been paid by the purchaser, as provided by law; and whereas three years have elapsed since the date of said sale and the said property has not been redeemed therefrom as provided by law; now, therefore, I, W. H. Andrews, county clerk of the county aforesaid, for and in consideration of the sum of forty-seven dollars and five cents, taxes, costs and interest due on said land for the years 1893, 1894, 1895, 1896, 1897, to the treasurer paid as aforesaid, and by virtue of the statute in such cases made and provided, have granted, bargained and sold, and by these presents do grant, bargain and sell, unto the said Dan Caster, his heirs and assigns, the real property last hereinbefore described. To have and to hold, unto him, the said Dan Caster, his heirs and assigns, forever; subject, however, to all rights of redemption provided by law."

In 1892 the board of county commissioners of Decatur county adopted and put into force chapter 162 of the Laws of 1891, being sections 7659 to 7661, inclusive, of the General Statutes of 1901.

Section 7661 of the General Statutes of 1901 (Laws 1891, ch. 162, § 3) reads:

"In all counties adopting the provisions of this act the county treasurer shall not accept from any person or persons except the owner, his heirs, executors, administrators, assigns, or any mortgagee of real estate sold for taxes or his assigns, the sum of money equal to

the cost of redemption at that time, for any tract of land or town lot sold for taxes, and shall not give any person except the owner, his heirs, executors, administrators, assigns, or any mortgagee of real estate sold for taxes, or his assigns, a certificate showing that said lands had been redeemed; but all the lands so bid off by the county for taxes shall be held by the county until the expiration of three years from the date of sale, subject only to the right of the owner, his heirs, administrators, assigns, and mortgagee of real estate sold for taxes, or his assigns, to redeem the same; and if at the end of three years from the date of sale said lands shall not have been redeemed, the board of county commissioners of said county shall then dispose of said lands under the general provisions of the law now in force."

This law has ever since been in force in that county, and the tax deed in question was issued thereunder. The court held the deed void for the following reasons:

"(1) For the reason that said deed does not, upon its face, or elsewhere, show any authority from the board of county commissioners of Decatur county, Kansas, authorizing the county treasurer or county clerk of said county to assign said tax-sale certificate. (2) For the reason that the said deed fails to show upon its face, or elsewhere, any authority from the board of county commissioners of said county authorizing or empowering the county clerk of the said county to make, execute or deliver said tax deed. (3) For the reason that the assignment of said tax-sale certificate by the said county treasurer and county clerk to the said Dan Caster [was?] for a sum greatly less than the amount then required to redeem said lands from sale and the taxes then against said land. . . . (5) For the reason that said tax deed was so executed and delivered on the same day that the said tax-sale certificate was so assigned."

As to the first reason, the law does not require the county commissioners to make any order unless it be for the sale of lands for less than the legal tax and interest thereon and hence has no application to this case. The same may be said of the second reason. As to the third reason, the legal amount due under the re-

Gibson v. Branstool.

citals in this deed will vary somewhat, depending upon the rule followed in the computation. The discrepancy complained of in this case amounts to five cents. Under the case of *Troyer v. Beedy,* 79 Kan. 502, this amount is too trifling to make a deed void. As to the fifth reason, the law requiring delay between the assignment of the certificate and the execution of the deed does not apply except in cases where the land is sold for less than the full amount necessary to redeem. (Laws 1893, ch. 110, § 4; Gen. Stat. 1901, § 7672.) Under this section it is unnecessary for the county commissioners to act in the disposition of land except when it is to be sold for less than the amount necessary for its redemption. In such a case, however, land can only be disposed of under the direction of the county commissioners, and the tax deed must show that the conveyance was made in pursuance of such direction; but after a county has held lands for three years or more, and the persons interested therein have not redeemed it, then it may be conveyed to any person offering to pay the taxes, costs, and penalties due thereon, without the intervention of the county commissioners. In this view, the fifth reason given by the court does not apply to the facts in this case, as the land was sold for a sum substantially sufficient for its redemption.

The claim that the deed should be held void because the subsequent taxes are not mentioned as a part of the consideration of the assignment of the certificate can not be upheld. The recitals of the deed show that the assignment of the certificate was made September 2, 1899, and that the subsequent taxes for the years 1894, 1895, 1896, 1897 "have been paid by the purchaser as provided by law." The deed was executed on the same day. It follows that the assignment of the certificate, the execution of the deed, and the payment of the consideration constituted practically one and the same transaction. The mere form of recital in the deed in this respect is unimportant.

The objections made to the deed are not substantial. It is in substantial compliance with the law and should be sustained. We concur with the district court in the other findings of fact and conclusions of law, but its conclusions as to the tax deed were erroneous, and for that reason the judgment is reversed.