NOT DESIGNATED FOR PUBLICATION

No. 123,657

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

LORI MCGREGOR,
*Appellant*,

v.

SCOTT MCGREGOR, SCOTT MCGREGOR,
as Executor of the Estate of JO ANNE EDWARDS,
*Appellees*.

MEMORANDUM OPINION

Appeal from Woodson District Court; DAVID WILLIAM ROGERS, judge. Opinion filed December 30, 2021. Affirmed.

*Lori McGregor*, appellant pro se.

*Jay Fowler* and *Amy S. Lemley*, of Foulston Siefkin LLP, of Wichita, for appellees.

Before BRUNS, P.J., GREEN and ISHERWOOD, JJ.

PER CURIAM: Lori and Scott McGregor's mother, Jo Ann Edwards, died in July 2020. Five years before her death, in September 2015, Edwards signed a document appointing Scott as her durable power of attorney. In May 2016, she signed a transfer on death deed (TODD) that would transfer her property in Yates Center (the Property) to Scott upon her death. Shortly after Edwards' death, Lori filed several documents asking the district court to enjoin the May 2016 TODD and invalidate Scott's power of attorney. Lori argued that the May 2016 TODD was invalid because it failed to include the language "as grantee beneficiary," the language "as owner," or a habendum clause. She

1

also argued Scott's power of attorney over the Property was invalid because the appointment document did not include the Property's legal description. Scott moved to dismiss, and the district court granted his motion. Lori appeals and raises the same arguments presented to the district court. Based on a review of the issues presented, we find that any irregularities between the statutorily prescribed TODD language and the May 2016 TODD are minimal at best and Kansas law only requires substantial compliance with the suggested text. We share the district court's conclusion that Lori's argument challenging Scott's power of attorney is moot because Scott's power of attorney authority terminated when Edwards died. The decision of the district court is affirmed.

FACTUAL AND PROCEDURAL BACKGROUND

Jo Anne Edwards owned a property in Yates Center. The Property was located at "[t]he South Half of the Southeast Quarter of the Southeast Quarter (S2 SE4 SE4) of Section Twenty-seven (27), Township Twenty-six (26) South, Range Sixteen (16) East of the Sixth P.M., Woodson County, Kansas."

On October 6, 2011, Edwards executed a TODD that transferred the Property to both of her adult children, Lori McGregor and Scott McGregor, upon her death. Lori and Scott were named as grantee beneficiaries. Under the TODD, Lori could live at the Property so long as it was her primary residence.

Four years later, on September 8, 2015, Edwards signed a document granting Scott durable power of attorney over her finances. The record includes two versions of this document. One version has Edwards' initials next to a line suggesting Scott's power of attorney would commence once she was unable to manage her affairs any longer. A second version eliminated that effective date and, next to a new set of Edwards' initials, showed Scott's powers would vest on "3/18/20."

2

A day later, Edwards signed a second TODD which named both children as grantee beneficiaries. This TODD differed from the previous version in that it named Lori and Scott as joint tenants.

Edwards executed a third TODD in May 2016. This document excluded Lori and conveyed the Property entirely to Scott upon Edwards' death. The TODD did not include the language "as grantee beneficiary" next to Scott's name. It was properly filed at the Woodson County Register of Deeds.

Edwards passed away four years after her third TODD was filed.

Two days after her mother's passing, Lori moved for a temporary and permanent injunction to prevent Edwards' final TODD from going into effect. That same day, she also petitioned the district court to invalidate the final TODD on the grounds that it did not comply with the TODD statute. More specifically, Lori argued that K.S.A. 59-3502 required the document to include the specific language "as grantee beneficiary" and that the failure to include such language rendered it invalid. Lori asserted that the appropriate remedy was to reinstate the September 2016 TODD in which Edwards designated Lori and Scott joint tenants. Lori also requested that the district court reinstate Edwards' October 2011 TODD if it concluded the September 2016 TODD was also invalid. Additionally, Lori sought "total damages, in excess of the amount of $75,000 together with interest, costs of this action, and all other appropriate relief."

Lori also filed a motion to invalidate Scott's power of attorney with respect to specific real estate. She argued that the power of attorney document was invalid under K.S.A. 2020 Supp. 58-654(f)(10)(B) because it lacked a legal description of the Property. She also noted that Edwards did not initial the pages of the document. For those reasons, she asked the district court to prevent Scott from selling or listing the Property. Finally,

3

Lori filed briefs in support of her motions for an injunction and to invalidate the document granting power of attorney to Scott.

Scott responded by filing a motion to dismiss. He asserted Lori's motion failed to state a claim and, in the alternative, he sought a judgment on the pleadings. Scott attached a corresponding memorandum which addressed Lori's claim that Edwards' final TODD was invalid due to the absence of the "grantee-beneficiary" language. Scott asserted that Kansas is a "substantial compliance" state as it relates to the language of deeds, and that the TODD statute reaffirmed that requirement. He highlighted that the language used in the challenged TODD substantially complied with the statutory requirements and claimed Lori's argument to the contrary simply relied on a "hodgepodge" of inapplicable cases.

Scott also filed a memorandum in opposition to Lori's motion to invalidate his power of attorney but suggested the district court could defer ruling on the matter until it ruled on his motion to dismiss or enter judgment on the pleadings. He argued that Lori apparently intended to challenge the sale of the Property but pointed out that while the Property had been listed for sale, Edwards signed the listing prior to her death. Additionally, Scott explained that with Edwards' passing, he did not need to rely on a power of attorney to execute the sale of the Property.

Lori responded to Scott's motion to dismiss and reiterated her earlier contentions about the lack of "grantee-beneficiary" language. She also added that Edwards' October 2011 TODD was the only valid TODD because both the September 2015 and May 2016 TODDs failed to name Edwards as the grantor or owner of the Property. Lori also asserted that the May 2016 TODD lacked a habendum clause as required to define the extent of the interest transferred. According to Lori, Edwards' September 2015 TODD, the version which reflected that Scott and Lori were joint tenants with equal interests, included the necessary clause.

4

Along with her answer to Scott's motion to dismiss, Lori also filed a reply to his memorandum opposing her motion to invalidate his power of attorney. In that response, Lori reiterated that the Property's legal description was missing from Edwards' document conveying power of attorney to Scott.

Scott filed a reply memorandum and addressed the habendum clause issue. He noted that Lori's argument, like her claim over the "grantee-beneficiary" language, focused essentially on "technical non-compliance" and pointed out that Kansas courts look to the intent of the grantor over technical compliance with the statute. Scott also directed the district court to a Kansas Supreme Court case which revealed that reviewing courts do not look to the habendum clause when identifying the grantor's intent but focus on the instrument as a whole.

Following oral arguments from the parties, the court granted Scott's motion to dismiss or, in the alternative, motion for judgment on the pleadings. It observed that the relevant facts were known and uncontroverted and explained that K.S.A. 2020 Supp. 60-212(b)(6) and (c) provided the statutory framework for its decision. According to the court, the question it needed to resolve was the extent to which Kansas law simply allows for "substantial compliance" with the TODD creation statutes (K.S.A. 59-3501 et seq.).

The district court found that while K.S.A. 59-3502 outlines the recommended language for a TODD, it also states that the deed should be "in substantially the following form." K.S.A. 59-3502. The judge interpreted this to mean substantial compliance with the statutory language, rather than exact conformity, satisfies the requirement. The court next reviewed relevant Kansas caselaw and concluded that substantial compliance in these matters is a decades old, well-established rule of law. Thus, Kansas law simply demands that the instrument include the essential elements set out in the statute and, to that end, Edwards' final TODD fulfilled the expectations of K.S.A. 59-3502. It explained:

"To summarize, the deed 1) includes the grantor/owner's name, 2) includes the legal description, 3) includes the grantee's name, 4) is dated, 5) is signed, 6) is acknowledged, 7) is filed of record, 8) identifies itself as a TODD and in fact refers to the specific statutory authority upon which it is executed (which itself includes the usage of the phrase 'a deed in substantially the following form'), and 9) sets out that it has no effect until the death of the decedent/grantor."

The court also addressed Lori's argument that Edwards was not named as the grantor or the Property's owner on the TODD and observed that Lori conceded in one of her pleadings that Edwards owned the Property. It also rejected Lori's claim that the instrument must contain a habendum clause and concluded that, according to Kansas caselaw the intent of the grantor is determined by evaluating the language of the entire instrument.

The district court also disposed of Lori's challenge to the power of attorney Edwards granted to Scott. It found that any authority Edwards may have granted to Scott ceased upon her death, and where Lori sought to enjoin Scott from further action, the issue was moot.

Lori now brings her claims before us to resolve.

ANALYSIS

IS EDWARDS' MAY 2016 TRANSFER ON DEATH DEED VALID?

On appeal, Lori argues that Edwards' May 2016 TODD is invalid. She agrees with the district court's conclusion that a factual dispute does not exist. Instead, she asserts that the issue turns on a question of law and statutory interpretation. Thus, our resolution of the issue demands an interpretation of the governing statute and a corresponding analysis of the TODD's validity.

6

*Preservation*

Lori raised this issue before the district court and argued that the deed was invalid because it did not include the "as grantee beneficiary" language, did not specifically identify Edwards as the Property's owner, and did not include a habendum clause. The issue is therefore properly preserved for our review.

*Standard of Review*

"'Whether a district court erred by granting a motion to dismiss for failure to state a claim is a question of law subject to unlimited review.'" *Williams v. C-U-Out Bail Bonds*, 310 Kan. 775, 784, 450 P.3d 330 (2019) (quoting *Cohen v. Battaglia*, 296 Kan. 542, Syl. ¶ 1, 293 P.3d 752 [2013]). "When a defendant uses K.S.A. 2015 Supp. 60-212(b)(6) to challenge the legal sufficiency of a claim, the court must decide the issue based only on the well-pled facts and allegations, which are generally drawn from the petition." *Steckline Communications Inc. v. Journal Broadcast Group of Kansas, Inc.*, 305 Kan. 761, 767-68, 388 P.3d 84 (2017). A reviewing court "must resolve every factual dispute in the plaintiff's favor when determining whether the petition states any valid claim for relief. Dismissal is proper only when the allegations in the petition clearly demonstrate that the plaintiff does not have a claim." 305 Kan. at 768.

When, as here, resolution of the asserted claim demands interpretation of a statute, we exercise unlimited review. *Jarvis v. Dept. of Revenue*, 312 Kan. 156, 159, 473 P.3d 869 (2020). "All Kansas courts use the same starting point when interpreting statutes: The Legislature's intent controls. To divine that intent, courts examine the language of the provision and apply plain and unambiguous language as written." 312 Kan. at 159. When doing so, courts must give "common words their ordinary meaning." *State v. Ryce*, 303 Kan. 899, 906, 368 P.3d 342 (2016). "If the Legislature's intent is not clear from the language, a court may look to legislative history, background considerations, and canons

7

of construction to help determine legislative intent." *Jarvis,* 312 Kan. at 159. One such canon is the rule against surplusage. "It is a cardinal rule of statutory construction that a provision should not be interpreted as to render some language mere surplusage." *Rhodenbaugh v. Kansas Employment Sec. Bd. of Review*, 52 Kan. App. 2d 621, 626, 372 P.3d 1252 (2016) (citing *Northern Natural Gas Co. v. ONEOK Field Services Co*., 296 Kan. 906, 918, 296 P.3d 1106 [2013]).

The Kansas TODD statute, K.S.A. 59-3501, provides:

"(a) An interest in real estate may be titled in transfer-on-death, TOD, form by recording a deed signed by the record owner of such interest, designating a grantee beneficiary or beneficiaries of the interest. Such deed shall transfer ownership of such interest upon the death of the owner. A transfer-on-death deed need not be supported by consideration.
"(b) The signature, consent or agreement of or notice to a grantee beneficiary of a transfer-on-death deed shall not be required for any purpose during the lifetime of the record owner."

The Legislature then went a step further and provided a template for a TODD in K.S.A. 59-3502:

"An interest in real estate is titled in transfer-on-death form by executing, acknowledging and recording in the office of the register of deeds in the county where the real estate is located, prior to the death of the owner, a deed in substantially the following form:

(Name of owner) as owner transfers on death to (name of beneficiary), as grantee beneficiary, the following described interest in real estate: (here insert description of the interest in real estate). THIS TRANSFER ON DEATH DEED IS REVOCABLE. IT DOES NOT TRANSFER ANY OWNERSHIP UNTIL THE DEATH OF THE OWNER. IT REVOKES ALL PRIOR BENEFICIARY DESIGNATIONS BY THIS OWNER FOR THIS INTEREST IN REAL ESTATE.
Instead of the words 'transfer-on-death' the abbreviation 'TOD' may be used."

Lori essentially argues that a proper interpretation of K.S.A. 59-3502 requires strict adherence to the form template. Scott, on the other hand, contends that the statute requires only that a deed substantially comply with the suggested form.

We conclude Scott is correct, and our reasoning is two-fold. First, as the district court noted, the Legislature intentionally included the phrase "in substantially the following form" when drafting the provision. That is, it did not select more restrictive terms such as "exactly" or "precisely." Looking at the plain and unambiguous language of the statute and giving those words their ordinary meaning, it is clear the Legislature did not intend for the text of a TODD to precisely mirror the template language it provided in K.S.A. 59-3502.

Second, even if we concluded the Legislature's intent is not clear from the language of the statute, the next step in our analysis is to consider, among other things, canons of construction. As Scott points out, Lori's interpretation renders the phrase "in substantially the following form" mere surplusage, which is a method of interpretation Kansas courts historically reject. Thus, we are not persuaded by Lori's contention that strict adherence to K.S.A. 59-3502 is required.

Having identified the statutory requirements of Kansas' TODD statute, we now turn to the language of the challenged deed, Edwards' May 2016 TODD, to determine its validity. Lori unequivocally stated that her issue is not one grounded in ambiguity. Rather, she contends that the document is not truly a deed, and its omission of the phrases, "as grantee-beneficiary" and "as grantor or owner," as well as its lack of a habendum clause, render the instrument fatally defective.

The legal effect of a deed is a question of law over which this court has unlimited review. *Central Natural Resources v. Davis Operating Co.*, 288 Kan. 234, 240, 201 P.3d 680 (2009). "The primary consideration, when construing the meaning of a deed, is the

9

intention of the grantor as gathered from an examination of the instrument as a whole." 288 Kan. at 244.

The contested TODD reads as follows:

**"TRANSFER ON DEATH DEED**

**"Jo Anne Edwards a/k/a Jo A. Edwards, a single person**

**"TRANSFERS ON DEATH TO**

**"Scott D. McGregor**

"All the following described real estate situated in Woodson County, Kansas, namely **The South Half of the Southeast Quarter of the Southeast Quarter (S2 SE4 SE4) of Section Twenty-seven (27), Township Twenty-six (26) South, Range Sixteen (16) East of the Sixth P.M., Woodson County, Kansas.**

**"*THIS TRANSFER ON DEATH DEED IS REVOCABLE. IT DOES NOT TRANSFER ANY OWNERSHIP UNTIL THE DEATH OF THE OWNERS. IT REVOKES ALL PRIOR BENEFICIARY DESIGNATIONS BY THIS OWNER FOR THIS INTEREST IN REAL ESTATE.***

**"Dated: May 2th, 2016**

**"[Signature of Jo A. Edwards]**
**"Jo A. Edwards**

**"*This Transfer on Death Deed is made pursuant to K.S.A. 59-3501 et seq.*"**

Lori argues the TODD contains three deficiencies which render it void. First, she contends the deed is lacking because it does not include the specific phrase "as grantee beneficiary" when referencing Scott. She asserts that "[t]he essential fact of a grantee-

10

beneficiary being designated as the grantee-beneficiary is not met." Additionally, she contends that the TODD is deficient because it neglects to specifically identify Edwards as the owner. Yet in her reply brief, Lori concedes that Edwards was the Property's owner.

Scott counters Lori's arguments with the observation that "[f]or a century and a half, Kansas has been a 'substantial compliance' state when examining the sufficiency of deeds," and cites three tax deed cases from the late 1800s and early 1900s to support this claim. In *Bowman v. Cockrill*, 6 Kan. 311 (1870), the Kansas Supreme Court upheld the validity of a tax deed even though it did not perfectly align with the statutorily required language. 6 Kan. at 325. The case has many factual parallels to the instant dispute. As *Bowman* explained:

> "[The deed] is regular in form in every respect, except that there are three slight discrepancies between its language and that of the statute. By reason of these slight discrepancies in form, the plaintiff below claims that the tax deed is void upon its face. We think not. The statute nowhere requires that the tax deed shall be in the exact language of the statute. All that is required is that it shall be in substantial conformity to the form given in the statute; (Comp. Laws 1862, § 10, p. 878;) and the statute further provides that 'no mere irregularities of any kind shall invalidate the title conveyed by the tax deed.'" 6 Kan. at 324-25.

The plaintiff in *Bowman* identified multiple minor discrepancies between the deed and the relevant statute and, just like the statute at issue here, the provision in *Bowman* stated that precise conformity was not required. But in an attempt to distinguish *Bowman*, Lori correctly observes that the tax deed under review in that case actually used language superior to that employed in the statute. That occurrence prompted the *Bowman* court to explain that "[a] tax deed in the exact language of the statute would undoubtedly be good; but one in a better form, where the change is only slight, and the words mean the same

11

thing, is equally good." 6 Kan. at 325. Scott does not contend that the deed here is drafted in a form that is superior to the legislative template.

Scott also directs us to *Gibson v. Branstool*, 82 Kan. 59, 107 P. 770 (1910), where the Kansas Supreme Court reviewed a district court's ruling that a tax deed was void. There were multiple challenges to the deed's validity, but the *Gibson* court noted that the challenges were unsubstantial and reversed the district court's conclusion because the deed substantially complied with the law. 82 Kan. at 64. Finally, Scott cites *Haynes v. Heller*, 12 Kan. 381 (1874), in which the court considered whether the omission of the words "time and" rendered a tax deed invalid. 12 Kan. at 389-90. It noted that the statute required the language "[a]nd whereas, at the *time* and place aforesaid" and that the deed's language only read "[a]nd whereas, at the place aforesaid." 12 Kan. at 391. The *Haynes* court found that this omission was not fatal because "[a]n exact compliance with the form of the statute is not indispensable. Substantial compliance is all that the statute calls for." 12 Kan. at 391; see *Martin v. Garrett*, 49 Kan. 131, 140, 30 P. 168 (1892) ("A slight or unimportant departure from the statutory form of a tax deed will not invalidate the tax deed, or render it void upon its face.").

Collectively, these cases reveal that Kansas is a "substantial compliance" state and that our courts decline to void deeds when there are minor discrepancies between a statutorily outlined template and the deed's language. That said, it is important to identify the interpretation Kansas courts have assigned to the phrase "substantial compliance."

In *Havel v. Decatur County Abstract Co.*, 76 Kan. 336, 91 P. 790 (1907), which the district court cited in its memorandum decision, the Kansas Supreme Court considered whether a tax deed was void because it did "not literally follow the form prescribed by the statute." 76 Kan. at 339. *Havel* explained that the deed was not void for failure to follow the "exact statutory form, but to sustain it [the court] must find therein all the essential statutory requirements." 76 Kan. at 339.

12

The "all essential statutory requirement" test continued into the 21st century. In *State ex rel. Schmidt v. City of Wichita*, 303 Kan. 650, 367 P.3d 282 (2016), the Kansas Supreme Court reviewed a challenge to a Wichita city ordinance. The city did not file a copy of the proposed ordinance with the city clerk in violation of a Kansas statute but argued that it nevertheless substantially complied with the ordinance. The court explained that "[s]ubstantial compliance is compliance in respect to the essential matters necessary to assure every reasonable objective of the statute." 303 Kan. at 661-62; see *State v. Stoll*, 312 Kan. 726, 729, 480 P.3d 158 (2021) ("Put another way, 'substantial compliance may be found where one 'complies with the spirit and intent of the law but not with its absolute letter.'"). Though not related to deeds or other similar instruments, this case reaffirms *Havel*'s holding that, when evaluating compliance with a statutory requirement, strict adherence is not required, so long as the essential elements of the statute are satisfied.

With that in mind, the final question is whether Edwards' final TODD substantially complied with K.S.A. 59-3502 through inclusion of its essential elements. The district court's analysis of this question is persuasive:

> "In looking at the deed, it contains (1) the name of the undisputed landowner, (2) the legal description of the real estate in question, (3) the date of execution, (4) the name of the grantee or recipient of the land, (5) the declaration that the transfer is revocable and does not take effect until the death of the owners and (6) the date of filing. In reviewing K.S.A. 59-3502, a TODD may potentially transfer ownership of real estate by 'executing, acknowledging and recording in the office of the register of deeds'. The 'form' suggested by that statute, which again the statute says may be in 'substantially' the form set out therein, requires the name of (1) the 'owner', (2) the name of the grantee beneficiary, (3) the legal description of the real estate and (4) the declaration that the transfer on death deed is revocable and does not transfer any interest in the real estate until the death of the owner. Every bit of this information is included in the deed in question. It may not use the exact terms, but the intent is clear."

13

So even though Edwards' TODD does not include the terms "as grantee beneficiary" or "owner," it substantially complies with K.S.A. 59-3502 and is not void.

Lori's final claim regarding a deficiency in the deed arises out of its lack of a habendum clause. Black's Law Dictionary defines "habendum clause" as "[t]he part of an instrument, such as a deed or will, that defines the extent of the interest being granted and any conditions affecting the grant." Black's Law Dictionary 854 (11th ed. 2019). That resource also states that "[t]he introductory words to the clause are ordinarily *to have and to hold*." Black's Law Dictionary 854 (11th ed. 2019).

Scott counters Lori's contention by citing to *Heyen v. Hartnett*, 235 Kan. 117, 679 P.2d 1152 (1984). In that case, the Kansas Supreme Court explained that "[t]he ancient rule to the effect that the habendum clause of a deed controls the granting clause has lost much of its former force. Today courts construe a deed by considering all of its language contained anywhere in the instrument with a view to ascertaining the intent of the grantor." 235 Kan. at 123.

As *Heyen* notes, the intent of the grantor, rather than the existence of a habendum clause, controls the interpretation of deeds. Here, Edwards' intent to transfer the Property to Scott upon her death is made clear by the phrase "[a]ll the following described real estate." Thus, Lori's habendum clause argument remains unpersuasive. As the district court found, this argument is in a similar vein to Lori's "owner" and "grantee beneficiary" language arguments in that it is derived from a purported technical flaw. As discussed above, Edwards' May 2016 deed substantially complies with K.S.A. 59-3502. Thus, any habendum clause deficiency is not fatal. Even if the statute required such a clause, the deed contains all the same information traditionally included in a habendum clause. That is, it explicitly notes the extent of the interest Edwards intended to grant to Scott.

14

When describing the interest conveyed to Scott, the deed reads as follows: "All the following described real estate situated in Woodson County, Kansas, namely," and then provides the legal description of the Property, reflecting fee simple. It is clear from the language of the deed that the interest Edwards intended to grant to Scott is the entire interest in the Property.

A proper interpretation of K.S.A. 59-3502 reflects that Lori cannot prevail on her strict compliance argument. But even if there were no statutory language providing that Edwards' TODD could simply substantially follow the form of the template, our caselaw allows the slight irregularities Lori highlights in Edwards' May 2016 TODD to exist without voiding the deed. We have no qualms in affirming the district court's decision that the deed is valid.

IS THE POWER OF ATTORNEY ISSUE MOOT AS A RESULT OF EDWARDS' PASSING?

Lori argues that the document Edwards signed to convey durable power of attorney to Scott is invalid with respect to the Property because it does not include a legal description of that Property. She notes the merits of this issue were raised before the district court but not ruled on because the district court dismissed it as moot.

*Standard of Review*

"A power of attorney is an instrument in writing by which one person, as principal, appoints another as agent and confers upon such agent the authority to act in the place of the principal for the purposes set forth in the instrument." *Muller v. Bank of America*, 28 Kan. App. 2d 136, 139, 12 P.3d 899 (2000). A durable power of attorney remains in effect even if the grantor is incompetent. *Geren v. Geren*, 29 Kan. App. 2d 565, 569, 29 P.3d 448 (2001); see K.S.A. 58-651(d) (defining "durable power of attorney" in the Kansas Power of Attorney Act). "The legal effect of a written instrument

15

is a question of law; this court has unlimited review of its resolution by the district court." 29 Kan. App. 2d at 569. A power of attorney must be strictly construed, though not so strictly construed as to defeat the grantor's intent. *Muller*, 28 Kan. App. 2d at 139.

ANALYSIS

On appeal, Lori accurately states that neither version of Edwards' power of attorney documents included a legal description of the Property or any other real estate. Still, both include a provision granting the agent, in this case Scott, the ability "[t]o purchase, sell, lease, repair, improve, mortgage, and make mortgage and utility payments upon real property. A legal description is attached."

Lori argues that the omission of the Property's legal description invalidates Scott's power of attorney in that regard. Lori's singular request for relief is for this court to invalidate the Power of Attorney "used by Scott McGregor to negotiate and remodel without the legal ability to do so." She does not ask that we address any prior actions taken by Scott.

Scott asserts that any issue related to the validity of Edwards' power of attorney document is moot because "the authority granted to Scott by power of attorney ended" upon Edwards' death. Scott is correct.

"An issue is moot if there is no longer a justiciable controversy between the parties. In order to have a justiciable controversy, the issue should involve an identifiable dispute between the parties with pending adverse legal interests that are immediate, real, and for which a court can provide conclusive relief." *In re W.L.,* 56 Kan. App. 2d 958, 981, 441 P.3d 495 (2019), *rev'd on other grounds* 312 Kan. 367, 475 P.3d 338 (2020). A power of attorney terminates upon the death of the principal. K.S.A. 2020 Supp. 58-657(b)(1). Thus, when Edwards, the principal, passed away in July 2020, Scott's power of

16

attorney terminated, thereby eliminating his authorization to sell, lease, or remodel the Property as an agent under the power of attorney instrument. Accordingly, even if the omitted legal description of the Property would invalidate Scott's agent authority, there is no real or immediate dispute for this court to resolve. Scott does, however, possess the authority to sell, lease or remodel the Property given his acquisition of the Property in fee simple pursuant to the May 2016 TODD.

We find that the district court properly concluded that the power of attorney issue is moot.

Affirmed.